## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### May 7, 1920.

## THE PEOPLE v. PHILIP BROWN.

### (191 App. Div. 708.)

INFORMATION CHARGING DEFENDANT WITH KNOWINGLY RECEIVING STOLEN PROPERTY—CONVICTION CANNOT BE SUSTAINED ON EVIDENCE THAT DEFENDANT BOUGHT PROPERTY WITHOUT MAKING INQUIRY AS TO LEGAL RIGHT OF PERSON TO SELL.

A person charged in an information with receiving stolen property knowing the same to have been stolen, which was a crime at common law, cannot be convicted on evidence that he was a dealer in junk and that he bought metal in the form of ingots without ascertaining by diligent inquiry that the person selling or delivering the same had a legal right so to do, contrary to the provisions of section 1308 of the Penal Law, as such evidence establishes a purely statutory crime which was not charged in the information.

APPEAL by the defendant, Philip Brown, from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, rendered on the 15th day of September, 1919, convicting him of the crime of criminally receiving stolen property in the second degree.

*Joseph Weber* (*Abraham Harawitz* with him on the brief), for the appellant.

*Harry G. Anderson,* Assistant District Attorney (*Harry E. Lewis,* District Attorney, with him in the brief), for the respondent.

JAYCOX, J.:

The evidence in this case failed to support the information. The information was the ordinary information for receiving

stolen property knowing the same to have been stolen. The evidence, on the contrary, tended to show that the defendant was a dealer in junk and that he bought metal in the form of ingots without ascertaining by diligent inquiry that the person selling or delivering the same had a legal right so to do, contrary to the provisions of section 1308 of the Penal Law. That it was for the crime last described of which the defendant was convicted, and not the ordinary receipt of stolen property with knowledge that it was stolen, is made evident by the court's ruling upon the defendant's motion to dismiss the information at the close of the People's case. This motion was based upon a lack of proof of the knowledge of the defendant that the property had been stolen. The assistant district attorney then asserted: "There doesn't have to be. The law says they must diligently inquire and find out whether they have the right to sell these things to junk dealers." The Court: "The Code prescribes just what the defendant must do when he purchases certain metal. He buys at his peril unless he makes such inquiry. The motion is denied." A motion was then made to dismiss on the ground of variance, and this was denied.

Upon the argument of this appeal the learned district attorney did not attempt to escape the conclusion that the defendant had been convicted under that portion of section 1308 of the Penal Law which forbids a dealer in or collector of junk to buy or receive any metal in the form of ingots, bars, etc., without ascertaining by diligent inquiry that the person selling or delivering the same has a legal right to do so. His contention is that the conviction is justified under People v. Sullivan (173 N. Y. 122, 17 N. Y. Crim. 180); People v. Schermerhorn (203 id. 57); People v. Wolter (Id. 484); People v. Friedman (205 id. 164) and People v. Giusto (206 id. 67). Those cases held that under an indictment charging murder in the first degree in the common-law form the prosecution may establish that the killing was done with

premeditation and intent to effect the death of the person killed or that it was done in the commission of a felony without intent to kill.    The distinction between those cases and the present case is that a killing of a human being under any of the circumstances mentioned constituted the crime of murder at common law.    Therefore, having charged in the indictment murder in the common-law form, the prosecution was entitled to prove its commission in any of the methods recognized by the common law.    The same rule, however, does not apply when the acts charged as a crime constitute a crime at common law, but the proof offered is of acts which did not constitute a crime at common law.    This distinction, I think, is made clear in People .v. Dumar (106 N. Y. 502, 8 N. Y. Crim. 263).    The defendant in that case was indicted in the common-law form for grand larceny.    The indictment charged that the defendant " unlawfully and feloniously did steal, take and carry away." The proof established that the crime of grand larceny was committed by obtaining the property in question by means of false representations and a false writing.    The Court of Appeals held this to be a fatal variance.    The indictment was held to be good at common law.    The court, however, said at page 507 : " Under the former system a substantial distinction was recognized between the crimes of larceny  *  *  *  and false pretenses  *  *  *.    In order to constitute larceny there must have been a taking of person property against the will of the owner.    The other offense could not be confounded with it. . In either case the property may have been obtained by artifice or fraud; but if in one the owner intended to part with his property absolutely and to convey it to the defendant, but in the other intended only to part with the temporary possession for a limited and specific purpose, retaining the ownership in himself, the latter case would be larceny, but the former would not.    It was, therefore, uniformly held that if a person, through the fraudulent representations of another, delivered to him a chattel intending to pass the property in it, the latter could not

be indicted for larceny but only for obtaining the chattel under false pretenses."

In the present case the crime charged in the information, receiving stolen goods knowing the same to have been stolen, was an offense at common law. (Bishop New Crim. Law, § 699.) The offense of which the defendant has been convicted is purely statutory. The reasons for this legislation are clearly set forth in People v. Rosenthal (197 N. Y. 394, 399, 25 N. Y. Crim. 368). Section 1308 of the Penal Law treats generally of receiving stolen or wrongfully acquired property, but under its provisions the crime therein mentioned may be committed in two ways, one of which was recognized by the common law and the other was unknown to the common law. This leads us to the conclusion that the defendant has been convicted under an information which charged one state of facts as constituting criminally receiving stolen property while the proof was of a totally different state of facts which, by the Penal Law, also constituted that crime. The difficulty was that the crime as charged was not proved, and the crime as proved was not charged. (People v. Dumar, supra.)

The judgment of conviction should be reversed and a new trial ordered.

JENKS, P. J., RICH, BLACKMAR and KELLY, JJ., concur.

Judgment of conviction of the Court of Special Sessions reversed and new trial ordered.