THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY GOLD, Appellant.

First Deparement, November 17, 1933.

*Jay Leo Rothschild*, for the appellant.

*Joshua Egelson, Deputy Assistant District Attorney*, of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

MERRELL, J. The defendant was indicted by a grand jury of the county of New York on two counts. The first count of the indictment charged that the defendant, in the county of New York, on or about September 2, 1932, did feloniously, and with force and arms, steal, take and carry away, against the form of the statute in such case made and provided and against the peace of the People of the State of New York and their dignity, one rare book, known as "Al Aaraaf," by Edgar Allen Poe, of the value of $3,000, the goods, chattels and property of the New York Public Library, Astor, Lenox and Tilden Foundations. The second count of the indictment charged the defendant with the crime of having criminally received the said stolen property mentioned in the first count. The second count of the indictment was in the following language: "And the Grand Jury aforesaid, by this indictment, further accuse the said defendant of the Crime of Criminally Receiving Stolen Property, committed as follows:

"The said defendant, in the County aforesaid, on the day and in the year aforesaid, the same goods, chattels and personal property mentioned, described and set forth in the first count of this indictment, to which reference is hereby made, of the value mentioned and set forth therein, of the goods, chattels and personal property of a certain corporation called The New York Public Library, Astor, Lenox and Tilden Foundations, by a certain person or persons to the Grand Jury aforesaid unknown then lately before feloniously stolen, taken and carried away from the said corporation feloniously did buy, receive, conceal, withhold and aid in concealing and withholding, the said defendant *then and there well knowing* the said goods, chattels and personal property to have been feloniously stolen, taken and carried away, against the form of the

statute in such case made and provided, and against the peace of the People of the State of New York and their dignity." (Italics are the writer's.)

During the progress of the trial the first count in the indictment, charging the defendant with grand larceny, was withdrawn by the trial court from the consideration of the jury. Thereafter the trial of the defendant proceeded under the second count of the indictment, charging the defendant with receiving stolen property.

Section 1308 of the Penal Law, relating to the receiving of stolen property, provides as follows:

" § 1308. Buying, receiving, concealing or withholding stolen or wrongfully acquired property. A person who buys or receives any property knowing the same to have been stolen or obtained in any way under circumstances which constitute larceny or who conceals, withholds, or aids in concealing or withholding any property, knowing the same to have been stolen, or appropriated wrongfully in such a manner as to constitute larceny under the provisions of this article, if such misappropriation has been committed within the State, whether such property were so stolen or misappropriated within or without the State, or who being a dealer in or collector of junk, metals or second hand materials, or the agents, employee or representative of such dealer or collector, buys or receives any wire, cable, copper, lead, solder, iron or brass used by or belonging to a railroad, telephone, telegraph, gas or electric light company, or any metal in the form of ingots, ingot bars, wire bars, cakes, slabs, billets or pigs, or who being a dealer in or collector of second hand books or other literary material, or the agent, employee or representative of such dealer, or collector, buys or receives any book, manuscript, map, chart, or other work of literature, belonging to, or bearing any mark or indicia of ownership by a public or incorporated library, college or university without ascertaining by diligent inquiry, that the person selling or delivering the same has a legal right to do so, is guilty of a felony, and is punishable by imprisonment for not more than twenty years, or by a fine of not more than one thousand dollars, or by both such fine and imprisonment. A person who being a dealer in or collector of any merchandise or property, or the agent, employee or representative of such dealer or collector, fails to make reasonable inquiry that the person selling or delivering any stolen or misappropriated property to him has a legal right to do so, shall be presumed to have bought or received such property knowing it to have been stolen or misappropriated. This presumption may however be rebutted by proof."

The first part of section 1308, ending with the words "within or

without the State," constituted the receiving of stolen property under the provisions of the common law and was found in section 550 of the old Penal Code, until said section was re-enacted into section 1308 of the present Penal Law of this State. Prior to the amendment of section 550 of the Penal Code by chapter 326 of the Laws of 1903 only the common-law provisions prevailed. (*People* v. *Rosenthal*, 197 N. Y. 394, 398.)

It clearly appears that under the second count of the indictment the defendant was charged with the commission of the crime of receiving stolen property under the first provisions of section 1308, constituting common-law receiving. The gravamen of the crime of receiving stolen property at common law was the receiving of the same with knowledge on the part of the receiver that the property had been stolen. Unless it could be shown that the person charged with the commission of common-law receiving of stolen property knew that the property was stolen, he could not be convicted of the crime of receiving at common law. At the trial of the defendant no proof was offered showing that, at the time it is alleged the defendant received the book, " Al Aaraaf," he had any knowledge that the same had been feloniously stolen, taken or carried away. The added portion of section 1308, above quoted, provides that a dealer or collector who buys or receives any of the property specified in the section, which includes a book belonging to or bearing any mark or indicia of ownership by a public or incorporated library, *without ascertaining by diligent inquiry* that the person selling or delivering the same has a legal right to do so, is guilty of a felony, punishable by imprisonment or fine, as provided in the section. Finally, there was added to the section by the Legislature in 1928, a rule of evidence to the effect that a person who, being a dealer in or a collector of *any* merchandise or property, fails to make reasonable inquiry of the person selling or delivering any stolen or misappropriated property to him has a legal right to do so, shall be presumed to have bought or received such property knowing it to have been stolen or misappropriated. Finally, the section provides that such presumption may be rebutted by proof. (Laws of 1928, chap. 354.)

At the trial of the defendant, as before stated, no evidence was adduced showing any guilty knowledge on the part of the defendant that the book in question had been stolen when it is alleged he received it. Notwithstanding the fact that the defendant had not been charged in the indictment with the statutory receiving of stolen property in violation of the added portion of section 1308, above quoted, the defendant was tried for such statutory offense. The court at General Sessions repeatedly instructed the

jury that they might find the defendant guilty of statutory receiving, in case he received the book in question without making any inquiry as to the legal right of the person from whom he received the book to sell it. The defendant, charged only with the common-law crime of receiving the book in question, was put upon trial and convicted of the statutory crime of receiving said book. The gravamen of the offense charged in the indictment was knowledge on the part of the defendant that the book had been stolen. Under the statutory crime of receiving stolen property, knowledge is immaterial where no diligent inquiry was made by defendant as to the right of the person from whom he received the book to dispose of the same. At common law actual or constructive knowledge that the property was stolen is essential. Under the statutory crime of receiving, with which the defendant was not charged by the indictment, it is only necessary to prove that the defendant did not make diligent inquiry as to the right of the person delivering the book to him to dispose of the same. It thus appears that the defendant was convicted of acts not charged against him in the indictment. Where it is intended that the defendant be charged with the crime of statutory receiving of stolen property, the indictment should charge the crime in the language of the statute. (*People* v. *Brown*, 191 App. Div. 708; *People* v. *Dumar*, 106 N. Y. 502.)

We are of the opinion that the court erred in instructing the jury that they might find the defendant guilty of the crime of receiving stolen property under an indictment which did not charge the defendant with having committed the acts upon which the jury were permitted to return the verdict in question. In this case the defendant was convicted of a crime and under circumstances not charged in the indictment. He was not tried for receiving stolen property in accordance with the indictment.

The court, in effect, charged the jury that, under the provisions of the amendment of section 1308 made by the Legislature in 1928, the burden of proving that the defendant did make reasonable inquiry that the person selling or delivering the stolen or misappropriated property to him had a legal right to do so, was upon the defendant, and that, not having made such inquiry, the presumption was that the property was bought or received knowing it to have been stolen or misappropriated. We think this put an undue burden upon the defendant and constituted prejudicial error. Under an indictment charging defendant with common-law receiving of stolen property, the burden was always upon the People to show that said property was received with knowledge on the part of the defendant of its contraband character.

At the close of the evidence, defendant's trial counsel moved to dismiss the indictment on the ground that the People had failed to establish facts sufficient to constitute the crime charged in the indictment. This motion was denied, and an exception taken by defendant's trial counsel. In denying such motion, we think the justice presiding at the trial erred. Believing, as we do, that the defendant had been improperly convicted of the commission of acts not charged in the indictment, and that the People have failed to establish the crime therein charged, we feel constrained to reverse the judgment of conviction and to direct a new trial.

In view of the foregoing, it becomes unnecessary for us to pass upon the various other grounds urged by the appellant for reversal of the judgment of conviction.

FINCH, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment reversed and a new trial ordered.