THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JOHN FARINA, Respondent.

Argued March 1, 1943; decided April 15, 1943.

*Thomas Cradock Hughes, Acting District Attorney (Fred J. Loughran* and *Henry J. Walsh* of counsel), for appellant.

*Louis J. Castellano, Arthur L. Burchell* and *Daniel McNamara, Jr.,* for respondent.

LEHMAN, Ch. J. The defendant, a contractor, received, from the owner, payment of the agreed price for constructing improvements on real property in the borough of Brooklyn. He has failed to pay, out of the moneys received, his indebtedness to Southern Lumber Co., Inc., for merchandise furnished upon that improvement. Because of his failure to pay that indebtedness, he was charged with petit larceny of the funds which he received from the owner under his contract for the improvement of real property and which in accordance with section 36-a of the

Lien Law "constitute trust funds in the hands of such contractor to be applied first to the payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen arising out of the improvement." He was convicted, one justice dissenting, after a trial in the Court of Special Sessions. The Appellate Division by a closely divided court reversed the judgment of conviction "on the law" and dismissed the information. The People have appealed to this court from the judgment of the Appellate Division.

The defendant moved at the close of the People's case to dismiss the information because it was not shown that the moneys received by the defendant "were improperly disbursed." The motion was denied. At that time the People had failed to make out a *prima facie* case. The problem presented upon this appeal is whether the deficiency in the proof at the close of the case was thereafter supplied upon the examination of the defendant. In determining whether there is evidence sufficient as matter of law to sustain the judgment of conviction, we must appraise all the evidence produced at the trial, and we do not exclude from that appraisal the evidence produced by the defendant. (*People* v. *Corbisiero,* 290 N. Y. 191, decided herewith.) The Appellate Division appraised the sufficiency of the evidence in the same manner.

The defendant testified that he had applied the trust fund in manner required by the statute and had not used any part of the trust fund for other purposes. It would serve no purpose to analyze that testimony. If the triers of the fact, believed the defendant, they were bound to acquit, but they could reasonably reject that testimony, as in fact they did. Rejection of the testimony offered by the defendant would not, however, alone justify the contrary finding of guilt. That, of course, must be shown by affirmative proof of circumstances from which an inference of guilt may be drawn or which create a presumption of guilt.

The Legislature recognized in the Lien Law the difficulty of proving that funds received by a contractor have been diverted unless the contractor is required to keep proper accounts and to furnish a statement of the manner in which he claims that he disbursed the moneys received. Accordingly, the Legislature provided in section 36-d that a contractor "shall keep books or records showing the allocation to each improve-

ment of real property  *  *  *  of the funds received and disbursed on account and/or by reason thereof;" that the contractor shall deposit such funds in a bank or other depository in his own name, and that " a person entitled to a payment on account of an improvement of real property  *  *  *  as provided in this chapter, from such  *  *  *  contractor  *  *  * shall, after the expiration of sixty days from the due date of such payment, be entitled to a statement under oath " as provided in the statute. Such statement must be served by the contractor " within ten days after a written demand for such statement is served personally or by registered mail." In the same section the Legislature provided that: " (6) The failure to keep such books or records and/or the failure of an owner, contractor or subcontractor, or of an officer, director or agent of such owner, contractor or subcontractor, to serve such statement shall be presumptive evidence that such owner, contractor or subcontractor, as the case may be, and/or such officer, director or agent of such owner, contractor or subcontractor, has applied and/or consented to the application of trust funds for purposes other than those specified in this chapter, on the date that such payment became due to the person entitled to such statement, in an amount equal to the sum due."

Here the People showed upon cross-examination of the defendant that a demand for a statement under oath as provided in the statute was served upon the contractor, and that the defendant had failed to serve such statement *within ten days* after the written demand, but the contractor did serve such a statement a few days before the trial. The People urge that failure to serve such statement within the ten days allowed by the statute is " presumptive evidence of guilt " even where the statement is thereafter served. Unless that contention is sustained the record is barren of evidence of guilt.

The statutory requirement that a contractor shall keep proper books of account and shall furnish a statement in manner provided by the statute furnishes reasonable protection to those entitled to payment for improvement of property for which the contractor has been paid, and it places no unreasonable burden upon the contractor. A statutory presumption of guilt arising from unexplained and willful failure to comply with the provisions of the statute rests upon a sound foundation and does not

violate any provision of the Constitution of the State of New York or of the United States. There is, however, no foundation for inference or presumption of guilt where books or records are kept by the contractor, though through inadvertence or excusable neglect the books or records may be defective in some unimportant details or where a statement is served by the contractor more than ten days after demand, and it does not appear that the person upon whom the statement was served rejected the statement. Here no defect was pointed out in the books or records kept by the defendant which called for explanation by him, and it does not appear that the statement served by the contractor was rejected or even received under protest.

The failure of a contractor " to serve such statement " is made by statute " presumptive evidence of guilt "; and since the statute requires that the statement shall be served within ten days after demand, no effective service can be made thereafter unless the contractor's default is waived by the person making the demand; or unless the court, for sufficient cause, relieves the contractor of his default. Choice of whether to accept belated service of the statement or to reject it lies with the person making the demand. He cannot, however, accept the advantage which the statute intends that service of the statement should confer and at the same time claim the benefit of a statutory presumption which arises only where there has been failure to serve such statement. Since it does not appear that belated service of the statement was, in this case, rejected by the complainant, there is in the record no evidence of guilt, " presumptive " or otherwise.

The judgment should be affirmed.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.