Lewis, P. J.
Defendant has been convicted of the crime of receiving stolen property, under an indictment charging that “The defendant above named on or about June 11th, 1946 in the County of Queens, being then a dealer in and collector of junk, metals and second-hand materials, bought and received the following of the value of $450.00, a quantity of drills and tools the property of R. S. Uzzell Corporation from Anthony Russo without ascertaining by diligent inquiry that said Anthony Russo had a legal right to sell and deliver the same.” There was evidence to establish that the defendant had received the drills and tools mentioned in the indictment. The principal question presented for determination arises upon defendant’s *700 contention, properly raised below on his motion in arrest of judgment (People v. Silver, 251 App. Div. 309; Code Crim. Pro., §§ 323, 331, 467, 469), that the facts alleged in the indictment do not constitute a crime and that paragraph b of subdivision 1 of section 1308 of the Penal Law is unconstitutional. In our opinion, the attack upon the constitutionality of the statute must be sustained, the judgment of conviction reversed and the indictment dismissed.
Prior to its amendment by chapter 180 of the Laws of 1943, section 1308 of the Penal Law, which defined the crime of receiving stolen property, provided for the punishment of (1) persons who bought or received stolen property knowing it to have been stolen, and (2) persons who, being dealers in junk, metals or second-hand materials, or books, or engaged in the laundry supply service, bought or received certain enumerated stolen articles “without ascertaining by diligent inquiry, that the person selling or delivering the same has a legal right to do so ”. The crime set forth in the first category was the common-law crime of receiving stolen property; that defined in the second was unknown at common law and was purely statutory. (People v. Brown, 191 App. Div. 708; People v. Gold, 239 App. Div. 368.) The constitutionality of the provision which created the statutory crime was sustained in People v. Rosenthal (197 N. Y. 394).
The People concede that the indictment in the case at bar is based upon that portion of section 1308 of the Penal Law, as amended in 1943, which provides: '“A person who 1. * * * b. Being a dealer in or collector of junk, metals or second hand materials, * * * buys or receives * * * any machinery equipment * * * Is guilty of a felony * * * if it was purchased for resale or by a dealer, * * As it is now defined in paragraph b of subdivision 1 of section 1308, the statutory crime of receiving stolen property no longer includes as an element the dealer’s failure to ascertain “ by diligent inquiry ’ ’ that the person selling the property has a legal right to do so. While paragraphs c and d of subdivision 1 which refer to book dealers and those engaged in laundry supply service, contain a provision for “ reasonable inquiry ”, the Legislature saw fit to omit any such requirement in paragraph b of subdivision 1 relating to dealers in junk, metals, or secondhand materials. As a result, the mere purchase by a secondhand dealer of the articles enumerated in paragraph b of subdivision 1 renders him guilty of a felony, regardless of his knowledge or intent.
We are of the opinion that such an enactment is without the power of the Legislature, and that it violates the due process *701 clause of the Fourteenth Amendment to the Constitution of the United States, and article I, section 6, of the Constitution of the State of New York. In People v. Rosenthal (197 N. Y. 394, supra), section 1308 of the Penal Law, insofar as it related to the statutory crime of receiving, was held constitutional because of the provision relating to “ diligent inquiry ”. The Court of Appeals there said (p. 400): “ By adding the duty of diligent inquiry before purchasing, it protects the junk dealers who in good faith comply with the statute and provides for the punishment of those who do not. Under this construction, the attack upon the substance of the indictment has no foundation, for the statute upon which it rests is not open to objection under either Constitution, State or Federal. * * While it makes the proper discharge of an active duty a test of criminality,’ all that it requires is good faith and honest inquiry, and that is no more than is required by the common law in some cases, especially in the purchase of commercial paper under certain circumstances. The junk dealer is not responsible for the truth of what he ascertains by inquiring, but he runs the risk if he purchases without diligent inquiry to ascertain the truth. The legislature had the right to declare a junk dealer, who purchases stolen property of a kind that is the constant subject not only of larceny but of sale to junk dealers, guilty of a crime, whether he actually knew it had been stolen or not, provided he did not try to find out by making diligent inquiry.”
This requirement for diligent inquiry” was retained in section 1308 throughout all the amendments thereto, until its amendment by chapter 180 of the Laws of 1943 (see L. 1914, ch. 93, L. 1916, ch. 366, L. 1920, ch. 570, L. 1921, ch. 429, L. 1926, ch. 707, L. 1928, ch. 354, L. 1938, ch. 513, L. 1940, ch. 443). It is the failure of paragraph b of subdivision 1 of section 1308, as amended by chapter 180 of the Laws of 1943, to contain a similar provision for diligent or reasonable inquiry which constitutes it an illegal and arbitrary interference with a lawful business and, therefore, unconstitutional. (People v. Rosenthal, 197 N. Y. 394, supra; People v. Gillson, 109 N. Y. 389; Matter of Ah Jow, 29 F. 181; Kilbourne v. State of Ohio, 84 Ohio St. 477; State v. Park, 42 Nev. 386.)
The People contend, upon the authority of People v. Fanshawe (137 N. Y. 68), that the requirement for reasonable inquiry may be considered as actually present in paragraph b of subdivision 1. The cited case does not support that contention. It was there held that, “ Where an offense is defined in the same language as was employed before, or substantially the same, it will Be presumed that no change was intended.” (P. 74.) In *702 the instant case the statute as amended omits an essential element of the crime as it had previously existed. It does not contain the same, “ or substantially the same ” language as it did heretofore, and we may not read into the statute a provision which was deliberately excised by the Legislature.
Nor is the invalidity of paragraph b of subdivision 1 cured by subdivision 3 of section 1308. That subdivision merely prescribes a rule of evidence, and is not a part of the definition of the substantive crime. (People v. Nelson, 234 App. Div. 481, affd. 260 N. Y. 559; People v. Gold, 239 App. Div. 368, supra.)
While paragraph b of subdivision 1 of section 1308 of the Penal Law is unconstitutional for the reasons indicated, we also deem it advisable to point out that the words “ machinery equipment ” in that paragraph, as added by the 1943 amendment, lack the certainty required in a penal statute. Such a statute must be definite in specifying the conduct which is condemned or prohibited. (People v. Grogan, 260 N. Y. 138.) Its terms must be sufficiently explicit to inform those who are subject to it what action on their part will render them liable to its penalties. (Connally v. General Construction Co., 269 U. S. 385.) Paragraph b of subdivision 1, insofar as it refers to “ machinery equipment ” does not meet that test. As it is commonly defined and understood, “ machinery ” relates to a part of a machine. The People claim that by the addition of the word “ equipment “ machinery equipment ” may be construed as including the tools and drills set forth in the indictment here. Although that contention may be etymologically correct, in everyday speech the words “ machinery equipment ” have no such meaning. (Cf. McBoyle v. United States, 283 U. S. 25.) The use of such a vague expression is particularly to be condemned in the definition of the statutory crime of receiving stolen property, wherein the prosecution is not required to prove defendant’s knowledge that the property was stolen, and is in contrast with the balance of paragraph b of subdivision 1, which carefully enumerates the other articles which may be the subject of the statutory crime.
I In view of the foregoing, it becomes unnecessary for us to pass upon the various other grounds urged by defendant for reversal of the judgment of conviction.
| The judgment of conviction and order should be reversed on ¡the law, the indictment dismissed, and the defendant discharged.
; Hagarty, Johnston, Adel and Nolan, JJ., concur.
Judgment and order of the County Court, Queens County, ¡reversed on the law, the indictment dismissed and the defendant discharged.