THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* IRVING CHECKMAN, Appellant.

Fourth Department, April 28, 1954.

*William B. Mahoney* for appellant.

*John F. Dwyer, District Attorney* (*Frederick M. Marshall* of counsel), for respondent.

*Per Curiam.* The indictment charged the defendant, under section 1308 of the Penal Law, with criminally receiving stolen property, "knowing that the same had been stolen or wrongfully acquired". There were no allegations in the indictment which charged defendant with violation of any of the provisions of the section except those contained in paragraph a of subdivision 1 which sets forth the common-law crime. In order to convict, it was necessary that the jury find beyond a reasonable doubt that the defendant knew that the property which he purchased was stolen. The People could not rely upon any presumption of knowledge for failure to make reasonable inquiry. (*People* v. *Gold,* 239 App. Div. 368.) Upon the record, we are of the opinion that the verdict is contrary to law and against the weight of evidence. The vital issue was whether the defendant when he purchased the property had knowledge that it was stolen property. The burden of satisfying the jury that such was the fact was upon the prosecution. The issue was close and it was error for the court in its charge to leave it to the jury to say whether the defendant " should have known " and to bring into the case the issue of " reasonable inquiry " and the " presumption of knowledge ". It was error to say to the jury: " Did he know or should he have known that it was stolen? * * * you have to find that this man knew or should have known under the circumstances that it was stolen property before you can convict * * * what would a person of ordinary reasoning powers under the circumstances have known. That is all there is to this lawsuit." Such instructions could have been interpreted by the jury to mean that they could or should convict, if they merely found that the defendant as an ordinarily reasonable and prudent person, should have known that the property was stolen. The test was not that which is applied to determine whether a person is or is not negligent. The question for the jury was: " Did the defendant have guilty knowledge? Did he have felonious intent to buy goods known by him to be stolen property? " Perhaps he was careless or negligent in failing to make adequate inquiry but that is not enough to convict of the common-law crime charged in this indictment. A finding of carelessness, negligence or indolence in investigation is not a substitute for guilty knowledge. It was for this reason that the Legislature enacted

paragraphs b, c, and d of subdivision 1 of section 1308. This defendant was not indicted for any one of the statutory crimes requiring reasonable inquiry and making the absence thereof presumptive knowledge. Even in the absence of proper exceptions to the charge, we feel that there should be a new trial. Had the court confined its charge to the jury to the law applicable to the common-law offense, the verdict might well have been different.

Judgment of conviction and order should be reversed on the law and facts and a new trial granted.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Judgment of conviction and order reversed on the law and facts and a new trial granted.