Martin M. Kolbrener, J.
These four hoys are accused youthful offenders. They are alleged to have committed larceny of an automobile under section 1293-a of the Penal Law.
The owner of the automobile reported the loss of her car shortly after 10:45 p.m. on November 5, 1966, when it had disappeared from the place where she had left it two hours earlier. A highway patrolman came upon the four boys in the missing car at 1:30 a.m., November 6, 1966, on the Long Island Expressway off the roadway, facing west behind a “ disabled” Ford. They did not try to run away. He arrested the boys after he heard the missing car alarm. He brought them to the Roslyn Police Station where they were questioned by a detective who says that he first advised them of their rights, i.e., that they did not have to make a statement; that they could remain silent; that anything they said could be used against them in court; that they could have a lawyer and if they could not afford a lawyer, a .lawyer would be procured for them if they wanted one, at no expense to them. He says that none of them demanded a lawyer and each told the same story not in the presence of the others. They were at a party in Manhasset and a friend, whose name is suggested as “ Paul ”, loaned them the car (which turned out to be stolen) so that they could get to the Expressway to a disabled car. None could give “ Paul’s ” last name and address. -None could state exactly where in Manhasset the party was. When the four were apprehended the youthful offender “ A ” was driving. All are alleged to have said to the detective that they collectively borrowed the car from ‘ ‘ Paul ’ ’. Upon this state of the record the People rested. A motion to dismiss was made by all four offenders on the ground that the *691 People have failed to prove the case against any of the offenders.
It is now clearly the law that section 1293-a of the Penal Law must be strictly construed. “ The statute does not apply to one who accepts a ride in an automobile, even knowing it to have been taken without the owner’s consent unless he was implicated or involved in the actual taking of the vehicle.” (Matter of Diane S., 18 N Y 2d 973.) (Emphasis mine.)
The District Attorney argues that when the youthful offenders told the detective that they collectively borrowed the car from “ Paul ”, this in effect was an admission of a collective “ taking ’ ’ sufficient to satisfy the statute and the holding in the Matter of Diane S. case (supra). I do not agree. The statement merely goes so far as to say that the boys collectively borrowed the car from “Paul”. By this statement, they did not admit any ‘ ‘ taking ’ ’ from the victim. Such a finding thus eliminates offenders “ B ”, “C” and “ D ” from culpability under section 1293-a of the Penal Law without any further discussion. The most that may be said about these three boys is that they were in the car. Assuming, arguendo, that they took a ride in the car knowing the same to have been stolen they are not liable under Matter of Diane S. (supra). As to these offenders the motion to dismiss must be granted.
On the other hand the patrolman who apprehended the boys testified that offender “A” actually drove the car. The District Attorney argues that the driver of the car stands in a different position. lie argues that the rule- in People v. Rogan (223 App. Div. 242) and People v. Galbo (218 N. Y. 283), should be applied. Judge Cardozo in People v. Galbo (218 N. Y. 283, 290) said: “ It is the law that recent and exclusive possession of the fruits of crime, if unexplained or falsely explained, will justify the inference that the possessor is the criminal.” The District Attorney argues .that the driver, offender “A”, certainly had possession and was using the automobile which was recently stolen and therefore the presumption of guilt arose. It is urged that the alleged explanation as .to how they came into possession of the car was so incredible as to be unbelievable and therefore the presumption arose. The boys are alleged to have said they borrowed the car from “ Paul” to get to a disabled car on the Expressway. When apprehended they were at a disabled car on the Expressway. At page 292, People v. Galbo (supra), the court said: “ If the circumstances make one inference just as reasonable as the other, we must give the defendant the benefit of the conclusion that would mitigate his guilt.” It has not been demonstrated and I cannot say as a matter of law and beyond a reasonable doubt that their story *692 is incredible. When told by the boys that the party was in Manhasset and “ Paul ” was at the party, the boys did not know the address, but no policeman asked them to lead the police to the place of the party. They may not have known the name of the street and street numbers but as is often the case may have known how to get there. These were 16-year-old boys. I cannot say that the story is improbable. True, a presumption arises if there is no explanation or a false explanation as to the manner of obtaining possession (People v. Galbo, supra), but this presumption is one of fact and not of law. People v. Salino, 266 App. Div. 205.) I may not reject the testimony of the explanation by the boys as to how they came into possession as unbelievable to be disregarded completely. Assuming that it was negligent and careless and positively stupid, of the boys not to obtain “ Paul’s ” name and address, this is not guilty knowledge. (People v. Checkman, 284 App. Div. 44.) The burden of proving guilt beyond a reasonable doubt is still on the People. The People have failed in their proof. The information is also dismissed as to “ A ”.
It should be noted I have not reached a determination of the question as to whether the proof that “ A ” was driving when apprehended is sufficient to raise an inference that he was “ implicated or involved in the actual taking (Matter of Diane S., supra, p. 974), under section 1293-a, nor have I reached the question of whether the boys’ rights under Miranda v. Arizona (384 U. S. 436) were properly safeguarded and whether they “ knowingly and intelligently ” (Miranda, supra, p. 475) waived their constitutional rights to an attorney.