■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN GRAY, Appellant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ Memorandum: To warrant a conviction of violation of subdivision 1 of section 1308 of the Penal Law it must be established that the defendants knew the goods they are charged with receiving were stolen. (See *People* v. *Checkman*, 284 App. Div. 44.) The circumstances relied on by the People to establish such guilty knowledge were wholly inadequate to exclude to a moral certainty the hypothesis of innocence. It does appear that certain statements were made by one or more of the defendants to the witness Williams at the police station after their apprehension by the police. The objection of defendants' counsel to the admissibility of the conversations had with Williams and a cousin in the absence of any police officers was sustained by the court, apparently under the authority of *Miranda* v. *Arizona* (384 U. S. 436). A development of all the circumstances surrounding the conversations may well establish their admissibility on a new trial of the issues. (Appeal from judgment of Erie County Court convicting defendant of receiving stolen property.) Present — Williams, P. J., Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL GILMORE, Appellant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Present — Williams, P. J., Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ANDERSON, Appellant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Present — Williams, P. J., Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEPHEN J. CARTER, Appellant. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Memorandum: Appellant was convicted following a trial of certain felonies and we affirmed the judgment (9 A D 2d 720). Some years later and in 1966 defendant was granted a hearing as to a certain confession received in evidence upon the trial (cf. *People* v. *Huntley*, 15 N Y 2d 72). While it was error to require defendant at this hearing to go forward in the first instance with his proof (*People* v. *Williams*, 28 A D 2d 1080) the court herein did not hold — as was done in *People* v. *Williams* (*infra*) — that the burden was initially on appellant to establish the allegations in his petition. Moreover, the court herein found beyond a reasonable doubt upon all the evidence that defendant's statement was not the product of force or coercion but had been voluntarily made. (Appeal from order of Onondaga County Court denying, following a hearing, motion to vacate judgment of conviction for attempted robbery first degree and assault second degree rendered March 2, 1959.) Present — Williams, P. J., Bastow, Henry and Marsh, JJ.