THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY TROTTA, Appellant.— Judgment of the Supreme Court, Kings County, rendered March 30, 1967, affirmed. The indictment contains 12 counts pertaining to two transactions (the sale of two stolen automobiles from the premises of defendant's gas station). The jury found defendant guilty of grand larceny in the first degree (two counts), of criminally buying and receiving stolen property (two counts) and of criminally receiving and withholding stolen property (two counts). At the threshold, defendant contends that he has been convicted of a crime for which he has not been indicted. Clearly, his position is untenable and his reasoning fallacious. The cases holding that convictions must be reversed where defendants charged in common-law language (pursuant to Penal Law, § 1308, subd. 1, par. a) have been convicted of the statutory crimes enumerated in subdivisions b, c or d of that section are not applicable (*People* v. *Checkman,* 284 App. Div. 44; *People* v. *Gold,* 239 App. Div. 368; *People* v. *Brown,* 191 App. Div. 708). The evidence showed that defendant was a dealer in automobiles and, consequently, the *presumption* embodied in subdivision 3 of said section, which contains a mere "rule of evidence" (*People* v. *Gold, supra,* p. 371), could be drawn by the jury. Of course, that inference is implicit in its verdict. However, the presumption is not the foundation underlying a statutory crime and the language contained

therein does not have to appear in the indictment (*People* v. *Nelson,* 234 App. Div. 481, affd. 260 N. Y. 559). Defendant raises the point that simultaneous verdicts of guilty of grand larceny and guilty of criminally receiving and concealing the property involved in the grand larceny cannot stand. Although a thief cannot be convicted of grand larceny and criminally receiving and concealing the same stolen property (*People* v. *Daghita,* 301 N. Y. 223), we are of the opinion that a nonaccessory to the original taking may be convicted of grand larceny by false pretense, for fraudulently obtaining the proceeds from the sale of the stolen item, and of receiving and concealing said property. Conviction on both counts is not inconsistent. In this connection we also observe that the trial court correctly instructed the jury as to the element of reliance in proving larceny by false pretense. The authorities agree that partial reliance on a false pretense, if it contributed to the larceny, is sufficient (*People ex rel. Phelps* v. *Court of Oyer & Terminer of County of N. Y.,* 83 N. Y. 436; *People* v. *Sattlekau,* 120 App. Div. 42; *People* v. *Lehrer,* 182 Misc. 645). We are of the further opinion that the question of whether the People established a prima facie case became moot after defendant took the stand. The evidence supplied by defendant cured any defect in the People's case and may be considered in determining whether the judgment of conviction should be affirmed (*People* v. *Farina,* 290 N. Y. 272; *People* v. *Corbisiero,* 290 N. Y. 191). Defendant's other contentions have been examined and we find no reason for disturbing the judgment of conviction. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.