■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY COTTONE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 4, 1967 after a nonjury trial, convicting him of grand larceny in the first degree and misappropriation of funds of trust under the Lien Law, in violation of sections 1294 and 1302-c of the former Penal Law. Judgment reversed, on the law, and indictment dismissed. The District Attorney is directed by Presiding Justice Beldock to resubmit the matter to the next Kings County Grand Jury. The findings of fact below have not been considered. Defendant's conviction rested principally, if not solely, upon the statutory presumption created by subdivision 3 of section 1302-c of the former Penal Law and subdivision 4 of section 75 of the Lien Law, arising out of the failure to keep the books and records required by section 75 of the Lien Law. Although there was proof of such failure on the trial, no such evidence had been presented to the Grand Jury; nor was there any other evidence before that body that defendant had applied funds for any purpose other than the trust purposes defined in section 71 of the Lien Law. In the absence of such proof, there was no evidence whatever before the Grand Jury to warrant the indictment (cf. *People* v. *Farina*, 290 N. Y. 272, 274; *Aquilino* v. *United States of America*, 10 N Y 2d 271, 275; *American Blower Corp.* v. *James Talcott, Inc.*, 18 Misc 2d 1031, 1039, affd. 11 A D 2d 654, affd. 10 N Y 2d 282). The conviction, therefore, must be reversed and the indictment dismissed despite the fact that a prima facie case was established on the trial (*People* v. *Peetz*, 7 N Y 2d 147, 152; *People* v. *Jackson*, 18 N Y 2d 516, 520). However, there is no apparent reason why the matter should not be resubmitted to a Grand Jury to consider reindictment under section 270 of the Code of Criminal Procedure (cf. *People* v. *Jackson, supra*). Since there may be a new trial, we observe that (1) defendant should be permitted to adduce any competent evidence which may be available to rebut the presumption created by subdivision 3 of section 1302-c of the former Penal Law and subdivision 4 of section 75 of the Lien Law; and (2) if there is a conviction and restitution is a consideration in the imposition of sentence, the restitution must be limited in amount to that involved in the offense charged in the indictment (Code Crim. Pro., former § 483, subd. 2). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.