OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, essentially for the reasons stated in the opinion of Mr. Justice Leon D. Lazer at the Appellate Division (69 AD2d 643; see, also, People v Chesler, 50 NY2d 203).
We would note, however, that we express no opinion as to the necessity of demonstrating that a defendant harbored an intent that the statement be uttered or published as true in order to sustain a conviction for making an apparently sworn false statement in the second degree. (See Penal Law, § 210.35.) It suffices to say that, in our opinion, the People failed to demonstrate beyond a reasonable doubt that the affidavits submitted to the lending institution constituted a falsity.
Further, we concur with the Appellate Division that subdivision 3 of section 79-a of the Lien Law does not fall prey to any constitutional infirmity. (See People v Farina, 290 NY 272.) That section provides that "[f]ailure of the trustee to keep the books or records required by section seventy-five shall be presumptive evidence that the trustee has applied or consented to the application of trust funds received by him as money or an instrument for the payment of money for purposes other than a purpose of the trust as stated in section seventy-one.” (See, also, Lien Law, § 75, subd 4.) It is readily apparent that both courts below, and quite correctly, treated this statutory presumption as only a permissible inference that defendants, by failing to keep statutorily prescribed records, used trust funds for other than authorized trust purposes. Of course, the presumption does not relate to criminal intent. Thus, the prosecution was not relieved of its duty to prove defendants’ guilt beyond a reasonable doubt and subdivision 3 of section 79-a of the Lien Law did not work to *1017 shift the burden of proof to defendants. It is beyond dispute that there exists a rational basis between the fact proved (failure to keep records) and the fact presumed (applying trust funds for a nontrust purpose). (Cf. Ulster County Ct. v Allen, 442 US 140.)
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.