■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK L. PANGALLO, Appellant.—Appeal unanimously dismissed *(see, People v Lesesne,* 172 AD2d 1070). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Robbery, 1st Degree.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.

■ In the Matter of BABY BOY.—Order unanimously affirmed without costs for the reasons stated in decision at Onondaga County Family Court, Bersani, J. (Appeal from Order of Onondaga County Family Court, Bersani, J.—Adoption.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS A. TERMOTTO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction on eleven counts of grand larceny in the second degree, arising from charges that, in eleven separate transactions, he obtained loans from various banks by false pretenses. To prove the crime of larceny by false pretenses, the People must show that defendant obtained title to, or possession of, money or personal property by means of a false representation concerning a material fact upon which the victim relied in parting with the property *(see,* Penal Law § 155.05 [2] [a]; *People v Reynolds,* 147 AD2d 961, 962, *lv denied* 74 NY2d 746; *People v Dibble,* 135 AD2d 1075). There is no merit to defendant's contention that the proof was legally insufficient to establish defendant's guilt. Defendant obtained several of the loans by producing a personal financial statement, tax returns and pay stubs that artificially inflated his income. In the other instances, defendant made false representations concerning his ownership of property pledged as collateral. In each instance, a bank employee who played a significant role in the loan application and approval process testified that he relied upon the representations either in approving the loan or in recommending approval by the bank's loan committee. Contrary to defendant's suggestion, there is no requirement that reliance by a business entity must be established through the testimony of the ultimate decision-maker. Moreover, it is sufficient that the false representation contribute to the larceny; it need not be the sole inducement for the loan *(see, People v Trotta,* 30 AD2d 562, 563). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Grand Larceny, 2nd Degree.) Present—Denman, P. J., Pine, Balio, Lawton and Davis, JJ.