■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YRBEN PEREZ, Appellant. [741 NYS2d 514] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered October 30, 1998, convicting defendant, after a jury trial, of manslaughter in the second degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The police action was lawful at each stage of the encounter. When an airline employee informed the Port Authority police that defendant had the same physical characteristics, including a distinctive scar on his left cheek, as that of a reported murder suspect, and was departing on a hastily changed ticket out of the country, the airport detectives had, at least, an objective credible reason to request information from defendant (*see, People v Hollman*, 79 NY2d 181, 192; *People v Reid*, 173 AD2d 870, *lv denied* 78 NY2d 972). The police were entitled to rely, at least for purposes of a Level-I inquiry, on the ticket agent's statement that defendant matched the murder suspect's description as reported in a television news broadcast. An officer's examination of defendant's travel documents, and his brief retention of these documents while making a phone call, was incidental to this inquiry. Police suspicions were immediately heightened by the discrepancy between defendant's answers and the information on his ticket. At that point, there was at least a founded suspicion that criminality was afoot and the police were entitled to ask defendant more pointed questions (*People v Hollman, supra,* 79 NY2d at 193; *People v Crawford*, 262 AD2d 330). Upon receiving confirmation, within minutes, from the New York City police, of the murder suspect's description, which defendant matched, particularly as to a cut or scar and other distinctive marks on his face, together with information that defendant possessed a one-way

ticket to the Dominican Republic while claiming to be going on a short trip, the airport detectives had, at least, a reasonable suspicion that defendant had committed a crime and were entitled to briefly detain him for investigative purposes (*see, People v Hicks*, 68 NY2d 234, 238). At this point, defendant voluntarily consented to accompany the officers to the Port Authority police station at the airport (*see, People v Ocasio*, 85 NY2d 982; *People v Wilson*, 56 NY2d 692). The subsequent transportation of defendant to the 49th Precinct a short time thereafter, where a photographic array was arranged within 2½ hours of his arrival, was reasonable under the circumstances (*People v Pinkney*, 156 AD2d 182, *lv denied* 75 NY2d 870). Moreover, the record establishes the continuing nature of defendant's consent to accompany the police. Given defendant's continuing consent, and the circumstances that, at the precinct, defendant was neither handcuffed nor kept in a cell, the handcuffing of defendant for security reasons during the car trip did not constitute an arrest (*cf., People v Allen*, 73 NY2d 378, 380; *compare, People v Robinson*, 282 AD2d 75). Finally, we find that the subsequent lineup identification was not unduly suggestive (*see, People v Rodriguez*, 64 NY2d 738, 740-741).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of identification and credibility were properly considered by the jury and there is no basis upon which to disturb its determinations.

We perceive no basis for a reduction of sentence. Concur—Tom, J.P., Buckley, Sullivan, Ellerin and Wallach, JJ.