■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE HALL, Appellant. [743 NYS2d 69] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered June 2, 1999, convicting defendant, after a jury trial, of forgery in the second degree, criminal possession of a forged instrument in the second degree and criminal possession of stolen property, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life, 15 years to life and one year, unanimously modified, on the law, to the extent of vacating the conviction for criminal possession of a forged instrument in the second degree and dismissing that count of the indictment, and otherwise affirmed.

As the People commendably concede, dismissal of defendant's conviction for criminal possession of a forged instrument is required because defendant was also convicted of forgery based on the same instrument (Penal Law § 170.35).

Defendant's challenges to the sufficiency of the evidence establishing that New York County had geographical jurisdic-

tion over the forgery charge, and to the court's instructions to the jury on that subject, are unpreserved (*People v Gray*, 86 NY2d 10), and we decline to review them in the interest of justice. There is no merit to any of the theories under which defendant argues that these issues should be deemed preserved (*see*, CPL 470.05 [2]). Were we to review these claims, we would find that venue in New York County was proper (*see*, *People v Cullen*, 50 NY2d 168).

Defendant was properly adjudicated a persistent felony offender. Defendant failed to establish that his 1982 felony conviction was constitutionally infirm. The pertinent record establishes, at most, that the 1982 trial court instructed a court officer to communicate with the deliberating jury concerning a ministerial matter (*see*, *People v Bonaparte*, 78 NY2d 26). Defendant's claim that the court failed to follow the procedures set forth in CPL 400.20 prior to adjudicating him a persistent felony offender is unpreserved (*People v Proctor*, 79 NY2d 992, 994), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court conducted a proper persistent felony offender hearing prior to imposing sentence. Concur—Andrias, J.P., Sullivan, Wallach, Rubin and Gonzalez, JJ.