THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BRIDGEFOURTH, Appellant. (Appeal No. 1.) [787 NYS2d 535]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered December 18, 2001. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a

judgment convicting him after a jury trial of three counts of robbery in the first degree (Penal Law § 160.15 [4]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of, inter alia, 10 counts of robbery in the first degree (§ 160.15 [3], [4]). Contrary to the contention of defendant with respect to both appeals, Supreme Court properly denied his suppression motion. The record of the suppression hearing establishes that the police received a telephone call from an individual who observed defendant on a television program that was either "Crime Stoppers or the news," and the caller provided a description of defendant as well as the location where he could be found. That information was sufficient to provide the police with reasonable suspicion to stop and detain defendant (*see People v Hicks*, 68 NY2d 234, 238 [1986]; *People v Casillas*, 289 AD2d 1063, 1063-1064 [2001], *lv denied* 97 NY2d 752 [2002]; *People v Johnson*, 102 AD2d 616, 620-621 [1984], *lv denied* 63 NY2d 776 [1984]), and "[t]he subsequent transportation of defendant to the [police station] . . . was reasonable under the circumstances" (*People v Perez*, 293 AD2d 329, 330 [2002], *lv denied* 98 NY2d 679 [2002]). Although defendant initially was placed in handcuffs, the handcuffs were removed upon his arrival at the police station. "Given defendant's continuing consent [to accompany the police], and the circumstances that, at the [police station], defendant was neither handcuffed nor kept in a cell, the handcuffing of defendant for security reasons during the car trip did not constitute an arrest" (*id.*). The "police had acquired probable cause" to arrest defendant (*People v Sanchez*, 278 AD2d 889, 890 [2000], *lv denied* 96 NY2d 763 [2001]) and, thus, contrary to defendant's further contention, the mug shot used in the subsequent photo array identifications was not the product of an illegal arrest and did not constitute the fruit of the poisonous tree.

Defendant's contention with respect to both appeals that the City of Buffalo police lacked geographical jurisdiction is not preserved for our review, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Hall*, 294 AD2d 112, 113 [2002], *lv denied* 98 NY2d 710 [2002]; *People v Sandoz*, 248 AD2d 334 [1998]). Also contrary to defendant's contention with respect to both appeals, the sentences are "within permissible statutory ranges" and are not unduly harsh or severe (*People v Hines*, 277 AD2d 504, 505 [2000], *lv denied* 96 NY2d 759 [2001]).

Defendant's remaining contentions concern only appeal No. 1. We reject the contention of defendant that the court abused its discretion in denying his severance motion. Defendant "failed

to make a convincing showing that he would be unduly and genuinely prejudiced by the joint trial of the charges" (*People v Brown*, 254 AD2d 781, 782 [1998], *lv denied* 92 NY2d 1029 [1998]). The People's proof with respect to each robbery count was "straightforward and easily segregated" (*People v Daymon*, 239 AD2d 907, 908 [1997], *lv denied* 94 NY2d 821 [1999]) and, indeed, the jury acquitted defendant of some of the counts, thereby indicating that it was able to consider each count separately. Defendant's further contention concerning alleged prosecutorial misconduct on summation is not preserved for our review (*see* CPL 470.05 [2]; *People v Barlow*, 8 AD3d 1027 [2004], *lv denied* 3 NY3d 657 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). According to the People the benefit of every reasonable inference to be drawn from the evidence, we conclude that the evidence is legally sufficient to support the conviction (*see People v Cintron*, 95 NY2d 329, 332 [2000]; *see also People v Watson*, 269 AD2d 755 [2000], *lv denied* 95 NY2d 806 [2000]). We further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review his contention that the identification testimony provided by the People's witness was bolstered by the testimony of a detective (*see People v Love*, 57 NY2d 1023, 1025 [1982]; *People v Jennings*, 295 AD2d 1000 [2002], *lv denied* 99 NY2d 536 [2002]; *People v Holland*, 174 AD2d 508, 509 [1991], *lv denied* 78 NY2d 1011 [1991]) and, in any event, any error in the admission of the detective's testimony in that respect is harmless (*see People v Corchado*, 299 AD2d 843, 844 [2002], *lv denied* 99 NY2d 581 [2003]; *People v Ford*, 262 AD2d 1052 [1999], *lv denied* 93 NY2d 1044 [1999]).

We further reject the contention of defendant that he was denied effective assistance of counsel. Although defense counsel did not object during the alleged bolstering testimony of the detective and he elicited testimony concerning the identification of defendant during his cross-examination of a prosecution witness, it is apparent from the record that defense counsel's trial strategy was to focus on the defense of misidentification based upon prior mistaken identifications (*see generally People v Rivera*, 71 NY2d 705, 709 [1988]). Indeed, the record establishes that defense counsel pursued that strategy throughout the trial. At most, defense counsel's strategy was a " 'mistaken judgment as to trial strategy and cannot be characterized as ineffective assistance of counsel' " (*People v Simms*, 244 AD2d 920, 921 [1997], *lv denied* 91 NY2d 897 [1998]). Finally, defense counsel

agreed to the proposed procedure for viewing the videotape of one of the robberies in the event that the jurors asked to view the videotape, and thus defendant waived his present contention that he was denied a fair trial by that agreed-upon procedure. Present—Pigott, Jr., P.J., Green, Kehoe, Smith and Hayes, JJ.