██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK S. MURRAY, Appellant. [794 NYS2d 199]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered August 18, 2004. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree, attempted sodomy in the first degree, sodomy in the second degree, attempted sodomy in the second degree, sexual abuse in the first degree, unlawful imprisonment in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of various crimes arising out of his sexual assault of a 14-year-old boy. Defendant contends that he was denied his right to be present during a sidebar conference concerning a prospective juror. The record establishes that defendant waived his right to be present during that sidebar conference (*see People v Williams*, 92 NY2d 993, 996 [1998]; *People v Lucious*, 269 AD2d 766, 767 [2000]). Defendant failed to preserve for our review his contention that the victim's testimony was bolstered by the testimony of the girlfriend of the victim's brother (*see People v Bridgefourth*, 13 AD3d 1165, 1167 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's further contention that County Court erred in allowing the People to recall the victim to enable him to testify that he did not make a certain statement to defendant. A police officer previously testified that defendant told him that the victim had made such a statement, and the court did not abuse its discretion in allowing the People to recall the victim to rebut that testimony (*see generally People v Rostick*, 244 AD2d 768 [1997], *lv denied* 91 NY2d 929 [1998]).

The court properly permitted the People to impeach their own witness with a prior inconsistent statement inasmuch as "the testimony of that witness [was] on a material issue [and] affirmatively damage[d] the People's case" (*People v Lawrence*, 227 AD2d 893, 894 [1996]; *see* CPL 60.35 [1]). Defendant failed to preserve for our review his further contention that the prosecutor improperly impeached a defense witness with proof of a juvenile delinquency adjudication (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Nor can it be said that defendant was deprived of his right to a fair trial by prosecutorial misconduct (*see People v Rubin*, 101 AD2d 71 [1984], *lv denied* 63 NY2d 711 [1984]). Defendant failed to preserve his contention for our review with respect to most of the instances of alleged misconduct and, in any event, the alleged misconduct was not so pervasive and egregious to warrant reversal (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Finally, the sentence is not unduly harsh or severe. Present— Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Pine, JJ.