# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**112**

**KA 12-02203**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ADAM WEBSTER, DEFENDANT-APPELLANT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

JASON L. COOK, DISTRICT ATTORNEY, PENN YAN (PATRICK T. CHAMBERLAIN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered October 9, 2012. The judgment convicted defendant, upon a jury verdict, of failure to register as a sex offender.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of failure to register as a sex offender (Correction Law §§ 168-f [4]; 168-t). Defendant failed to preserve for our review his contention that County Court improperly permitted the prosecutor to question a defense witness concerning the witness's adjudication as a youthful offender (*see* CPL 470.05 [2]; *see generally People v Murray*, 17 AD3d 1042, 1043, *lv denied* 5 NY3d 792), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, we conclude that the evidence, viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction. Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The jury was entitled to credit the testimony of the People's witnesses and to reject the conflicting testimony of the defense witnesses (*see People v Moore*, 227 AD2d 227, 227, *lv denied* 88 NY2d 990). Finally, we have considered the alleged deficiencies in defense counsel's performance and conclude that defendant received meaningful

representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered: February 7, 2014                              Frances E. Cafarell
                                                       Clerk of the Court