■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS BATISTA, Appellant. [652 NYS2d 645] —Carpinello, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered March 22, 1995, upon a verdict convicting defendant of the crimes of robbery in the first degree, robbery in the second degree, burglary in the first degree (two counts), assault in the second degree (two counts) and petit larceny.

In the early morning hours of December 2, 1993, Bryan Patterson was asleep in his hotel room at the Super 8 Hotel in the City of Troy, Rensselaer County, when he was awakened by an intruder punching him in the mouth. The intruder, who wanted money, wrestled with Patterson over the latter's carpet-cutting knife. After cutting Patterson, the intruder fled taking Patterson's property, including the knife, with him. Defendant, who had rented a room at the hotel with Laura Pullen, was seen by Pullen leaving Patterson's room that morning toting a knife and a bag. Pullen also observed blood on defendant's right hand. At this time, defendant told Pullen that he had been fighting with the room's occupant and that he had cut the occupant.

As a result of this incident, defendant was indicted for robbery in the first degree, robbery in the second degree, two counts of burglary in the first degree, two counts of assault in the second degree and petit larceny. Following a jury trial, defendant was found guilty as charged and sentenced as a persistent felony offender to concurrent prison terms of 25 years to life on the robbery, burglary and assault charges, and a one-year jail term on the petit larceny charge. Defendant appeals.

We affirm. We are unpersuaded by defendant's contention that the verdict is against the weight of the evidence because the People's strongest witness against him, Pullen, was inherently incredible due to her lengthy criminal record, drug usage on the morning of the incident and demonstrated amoral attitude. Notably, Pullen's criminal history, drug usage in general and drug usage on the morning in question were subjects

of direct and cross-examination during the trial and the jury was given the opportunity to assess both her testimony and credibility (*see, e.g., People v Wrigglesworth*, 204 AD2d 758). " 'Credibility is best determined by the trier of fact who has the advantage of observing the witnesses and, necessarily, is in a superior position to judge veracity than [this] court, which reviews but the printed record' " (*People v Mallory*, 191 AD2d 970, quoting *People v Shedrick*, 104 AD2d 263, 274, *affd* 66 NY2d 1015). Our review of Pullen's testimony reveals that it was not "impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Stroman*, 83 AD2d 370, 373; *see, People v Mallory, supra*). Therefore, we will not reject it as incredible as a matter of law. According due deference to the jury's "opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d 490, 495), we conclude that the combined testimony of the People's witnesses clearly permitted a finding of guilt and the verdict is not against the weight of the evidence.

Defendant next contends that County Court erred in permitting testimony that defendant was getting high on crack cocaine in his hotel room on the morning of the incident. We note, however, that the jury was not urged to consider this evidence as demonstrating defendant's propensity to commit the crimes (*cf., People v Torres*, 155 AD2d 226) and County Court, at defendant's request, issued an instruction to the jury that it was not to consider this testimony "as an indication of a predisposition on the part of the defendant to commit a criminal act or conduct". In light of these facts and given the overwhelming evidence establishing defendant's guilt, any error in permitting this testimony was harmless (*see, People v Cook*, 42 NY2d 204, 208-209) and did not deprive defendant of a fair trial (*cf., People v Odle*, 187 AD2d 536).

Nor are we persuaded that County Court abused it discretion in finding that defendant should be sentenced as a persistent felony offender (*see*, CPL 400.20) and ordering the punishment it did. Defendant has a multifarious criminal history which began as a youth in 1977 and includes adult convictions for burglary in the third degree, grand larceny in the third degree, criminal possession of stolen property in the second degree, criminal use of drug paraphernalia in the second degree and assault in the second degree. It also includes two periods of incarceration in prison. In view of the conduct underlying the prior and instant offenses, his inability to reside in the community without running afoul of the law and his demonstrated

unwillingness to rehabilitate himself, the sentence prescribed is justified (*see, e.g., People v Adorno*, 216 AD2d 686, 689, *lv denied* 86 NY2d 839).

Defendant's remaining contentions have been reviewed and are either unpreserved for our review or lack merit.

Mercure, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.