*58 OPINION OF THE COURT
Graffeo, J.
At issue is whether a trial court that denied a motion to dismiss at the close of the People’s case-in-chief may review that decision in the context of a post-verdict CPL 330.30 motion after defendant called witnesses and testified on his own behalf. Because we conclude that Supreme Court erred in revisiting its prior denial, we affirm the order of the Appellate Division reinstating defendant’s conviction.
Defendant Dashon Hines and co-defendant Jamie Crawford were charged with criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1] [possession of four or more ounces of a narcotic drug]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1] [possession with intent to sell]), and criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [3] [possession of scales and balances under circumstances evincing an intent to use them for manufacture or sale of a narcotic drug]). The charges arose from the discovery of more than 14 ounces of cocaine,* drug paraphernalia and $7,900 in an apartment defendant had leased from the Syracuse Housing Authority. The contraband was found after firefighters, who entered defendant’s apartment in the course of extinguishing a fire in the apartment below, saw cocaine and drug paraphernalia in the open hall pantry. This led to a search of the premises by police officers pursuant to a warrant, who discovered more contraband in the bedroom along with personal property belonging to defendants.
Defendants were tried jointly before a jury. The People offered evidence that defendant took possession of the apartment in March 1998 and remained the sole tenant of record until he signed a termination of tenancy form on December 1, 1998, the same day the cocaine was found by the authorities. A Syracuse *59 Housing Authority employee testified that defendant had obtained duplicate keys for the apartment four times over the course of his tenancy, including on the morning of December 1, 1998 — only hours before firefighters entered the apartment. After several police officers and firefighters detailed the events leading to the discovery of the contraband and the ensuing search of the apartment, the contraband was received in evidence. The prosecution also introduced into evidence various documents pertaining to defendant’s rental of the apartment, including the lease between defendant and the Housing Authority. In addition, the People submitted correspondence addressed to defendant at the apartment which had been found on the premises, as well as a cable television installation receipt signed by defendant, showing he purchased service for the apartment in his own name using the apartment address.
The People contended that defendants used the apartment as a “stash house” where cocaine was stored and prepared for resale. A police officer with extensive training and experience as an undercover narcotics investigator testified that cocaine traffickers commonly keep a house or apartment for such use where they do not necessarily reside. Based on the items discovered in the apartment and the manner in which the cocaine and money were packaged, the officer opined, without objection from defendants, that the apartment “was utilized for a stash house and packaging location.”
After the People rested their case-in-chief, defendant’s attorney moved to dismiss the charges, arguing the People had failed to offer sufficient proof to support a jury inference that defendant exercised dominion or control over the apartment. The Trial Judge denied the motion. Both defendants then testified and called witnesses.
Defendant did not dispute that he was the sole tenant of record for the apartment but maintained that he had sublet it to a series of individuals, culminating with co-defendant Crawford. He asserted that he did not keep any belongings in the apartment or spend time there, but had merely stopped by infrequently to collect rent money from his tenants. On the morning of the day the drugs were discovered, defendant claimed he used his key to gain entrance when Crawford, who defendant maintained was asleep, failed to answer the door. On cross-examination, defendant admitted that he went into the bedroom during this visit. He alleged that Crawford agreed to meet him later at another location to pay the rent. Defendant also testified that he went to the Housing Authority office and *60 completed a termination of tenancy form later that day after Crawford refused to pay all the rent that he owed.
Crawford offered a different account of the events. He denied that he had been at the apartment on the day the contraband was discovered, and thus contradicted defendant’s testimony concerning what transpired that morning. He stated that he had not slept at the apartment the evening before and knew nothing of the narcotics, drug paraphernalia or cash the authorities confiscated. Notwithstanding defendant’s contention that he never spent time in the apartment, Crawford indicated that defendant used the apartment for recreational purposes, even when Crawford was not there.
At the conclusion of all of the proof, defendant’s attorney requested that the charge of criminal possession in the first degree be reduced to criminal possession in the fourth degree, but did not renew the previous CPL 290.10 motion or otherwise argue that the indictment should be dismissed due to insufficient evidence. Supreme Court denied the charge-down request. The jury found defendant guilty of criminal possession of a controlled substance in the first degree and acquitted him of the other two charges; Crawford was convicted of all three counts in the indictment.
After the verdict but prior to sentencing, defendant sought various relief in a written CPL 330.30 motion. Supreme Court issued a decision setting aside the verdict on the basis that it had erroneously denied defendant’s mid-trial CPL 290.10 motion. Considering only the evidence adduced by the People in their case-in-chief, the court ruled that the proof was insufficient to establish defendant’s constructive possession of the contraband in the apartment.
On the People’s appeal, the Appellate Division reversed and reinstated the conviction, finding the trial court erred in revisiting its denial of defendant’s CPL 290.10 motion and in considering only the People’s proof in setting aside the verdict (see, 278 AD2d 849). The Appellate Division concluded defendant waived review of the CPL 290.10 determination by testifying and calling witnesses on his behalf and opened himself to the possibility that he would, on his own case, fill a gap in the prosecution’s proof. A Judge of this Court granted defendant’s application for leave to appeal and we now affirm.
In an effort to justify Supreme Court’s decision to review only the evidence adduced on the People’s case-in-chief, defendant argues that the trial court was adjudicating a reserved *61 CPL 290.10 motion rather than determining a post-trial CPL 330.30 motion. The record belies this contention. The trial transcript reveals that the court did not reserve decision but promptly denied defendant’s CPL 290.10 motion at the close of the People’s case-in-chief. Furthermore, it is evident from the court’s written decision that the court was deciding defendant’s post-trial CPL 330.30 motion when it set aside the guilty verdict.
A court adjudicating a CPL 330.30 motion may consider only issues of law which “would require a reversal or modification of the judgment as a matter of law by an appellate court” (CPL 330.30 [1]). Under this statutory standard, an insufficiency argument may not be addressed unless it has been properly preserved for review during the trial (see, People v Carter, 63 NY2d 530). And we have held that “a defendant who does not rest after the court fails to grant a motion to dismiss at the close of the People’s case, proceeds with the risk that he will inadvertently supply a deficiency in the People’s case” (see, People v Kirkpatrick, 32 NY2d 17, 21, citing People v Corbisiero, 290 NY 191; People v Farina, 290 NY 272; People v Trotta, 30 AD2d 562). Thus, a defendant who presents evidence after a court has declined to grant a trial motion to dismiss made at the close of the People’s case waives subsequent review of that determination. Consistent with the overall truth-seeking function of a jury trial, the rationale underlying this rule is that a reviewing court should not disturb a guilty verdict by reversing a judgment based on insufficient evidence without taking into account all of the evidence the jury considered in reaching that verdict, including proof adduced by the defense.
Here, in addressing the CPL 330.30 motion, Supreme Court reconsidered its prior determination denying defendant’s motion to dismiss at the close of the People’s case. Because defendant waived review of the mid-trial decision by testifying himself and presenting the testimony of other witnesses (see, People v Kirkpatrick, 32 NY2d at 21), this was not an issue of law that could properly be adjudicated in a CPL 330.30 motion. As the trial court lacked jurisdiction to address the sufficiency of the People’s case-in-chief in the context of the CPL 330.30 motion, and this issue was the basis for its decision to set aside the guilty verdict, reversal of that decision was warranted. We, therefore, affirm the order of the Appellate Division reversing the trial court’s CPL 330.30 determination and reinstating the guilty verdict.
The dissent concludes that the conviction should not have been reinstated because, viewing the evidence at trial in its en *62 tirety, the People failed to establish defendant’s guilt beyond a reasonable doubt. Defendant has not raised this issue in this Court, nor was it preserved for review at trial in the absence of a motion to dismiss at the close of all the evidence. While the dissent suggests this Court is empowered to conduct a sua sponte review of the evidence supporting a conviction based on CPL 300.30 (1) and 300.40, we have repeatedly held that an indictment may be dismissed due to insufficient evidence only where the sufficiency issues pursued on appeal were preserved by a motion to dismiss at trial (see, People v Gray, 86 NY2d 10; People v Lawrence, 85 NY2d 1002). Indeed, “even where a motion to dismiss for insufficient evidence was made, the preservation requirement compels that the argument be ‘specifically directed’ at the alleged error” (People v Gray, 86 NY2d at 19). The CPL provisions on which the dissent relies concern the powers and obligations of a trial court before a case is submitted to the jury (see, CPL 300.30 [1]; 300.40). They neither address nor enlarge this Court’s appellate jurisdiction.
If the issues addressed by the dissent were before us, our analysis would be limited to a review of the sufficiency of the evidence. It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is “whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People” (People v Williams, 84 NY2d 925, 926; see, People v Cabey, 85 NY2d 417, 421; see generally, People v Contes, 60 NY2d 620, 621, quoting Jackson v Virginia, 443 US 307, 319). In addition to erroneously evaluating the evidence by employing the heightened circumstantial evidence analysis which is reserved exclusively to the trier of fact (see, People v Ficarrota, 91 NY2d 244, 248-249; People v Williams, supra), the dissent credits the testimony adduced by the defense and fails to mention some of the inculpatory evidence presented at trial, thereby impermissibly reassessing the overall persuasiveness of the proof (see, People v Taylor, 94 NY2d 910).
The order of the Appellate Division should be affirmed.

 The contraband was found in two locations in the one-bedroom apartment: 0.61 ounces of cocaine and drug paraphernalia were discovered in a hall pantry while the money and 13.65 ounces of cocaine were discovered in the bedroom. Although the trial court indicated in its post-verdict decision that the first degree offense related solely to the cocaine found in the bedroom, this assertion is not supported by the trial record. The indictment did not differentiate between the drugs discovered in the two locations. Rather, the cocaine was aggregated in the first count of the indictment— criminal possession of a controlled substance in the first degree, the offense of which the jury convicted defendant. Moreover, the trial court did not reference either location when it charged the jury on this offense, nor did defendant invite the jury to draw such a distinction.