■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY J. PACE, Appellant. [758 NYS2d 568] —Appeal from a judgment of Niagara County Court (Noonan, J.), entered April 17, 1998, convicting defendant after a jury trial of, inter alia, murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts each of murder in

the second degree (Penal Law § 125.25 [2], [3]) and criminal use of a firearm in the first degree (§ 265.09 [1] [a], [b]), and four counts of robbery in the first degree (§ 160.15 [1] [4]). We reject defendant's contention that the verdict is against the weight of the evidence. The People's case against defendant was based primarily on the testimony of a jailhouse informant, and it cannot be said that his testimony was incredible as a matter of law (*see People v Batista*, 235 AD2d 631, 631-632 [1997], *lv denied* 89 NY2d 1088 [1997]; *People v Black*, 226 AD2d 1113 [1996], *lv denied* 88 NY2d 1019 [1996]). Contrary to defendant's contention, the testimony of the informant was not rendered incredible as a matter of law because he received favorable treatment for his testimony (*see People v Walts*, 267 AD2d 617, 620 [1999], *lv denied* 95 NY2d 859 [2000]) or because he acknowledged his own prior criminal and amoral conduct (*see Batista*, 235 AD2d at 631-632; *see also People v Hubert*, 238 AD2d 745, 746 [1997], *lv denied* 90 NY2d 859 [1997]). Those subjects were addressed on both direct examination and cross-examination of the informant, and the jury had the opportunity to assess his testimony and credibility (*see Batista*, 235 AD2d at 631-632). Affording great deference to the jury's determination of credibility (*see generally People v Duffy*, 299 AD2d 914 [2002]), we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject defendant's further contention that County Court erred in refusing to instruct the jury that it must acquit defendant if it discredited the informant's testimony. The court's "charge as a whole adequately conveyed to the jury the appropriate standards" (*People v Adams*, 69 NY2d 805, 806 [1987]). The court also gave an appropriate charge on reasonable doubt (*see generally* 1 CJI[NY] 6.20). Defendant's contention that the informant's testimony should have been precluded based on the attorney-client privilege is not preserved for our review (*see* CPL 470.05 [2]) and, in any event, lacks merit (*see People v Belge*, 59 AD2d 307, 309 [1977]). Finally, the sentence is neither unduly harsh nor severe.

All concur except Lawton, J., who dissents and votes to reverse in accordance with the following.

Lawton, J. (dissenting). I respectfully dissent and would reverse. In my view, a conviction that is based upon the uncorroborated testimony of a jailhouse informant, or jailhouse "snitch," should be deemed as a matter of law to be supported by legally insufficient evidence. No such basis for reversal is available under existing law, however, and thus I would re-

verse the judgment on the ground that the verdict is against the weight of the evidence (*see* CPL 470.20 [5]).

The facts of this case point out what I perceive to be a deficiency in the law. The only protection a defendant presently has against the admission in evidence of the testimony of a jailhouse informant, or jailhouse "snitch," is that afforded under CPL 60.50, which is inadequate. "The purpose of th[at] statute is to avert the danger that a crime may have been confessed when no crime *in any degree* has been committed by anyone" (*People v Chico*, 90 NY2d 585, 590 [1997] [internal quotation marks omitted]; *see People v Lipsky*, 57 NY2d 560, 569-570 [1982], *rearg denied* 58 NY2d 824 [1983]; *People v Reade*, 13 NY2d 42, 45 [1963]). CPL 60.50 in no way inhibits the admissibility of or limits the weight to be given to the testimony of a jailhouse informant, no matter how suspect that testimony may be. A description of a recent study concerning the unreliability of the testimony of jailhouse informants is found in *Symposium: Thinking Outside the Box: Proposals for Change: Closing Remarks* (23 Cardozo L Rev 899, 900-901 [2000]).

I respectfully suggest that the Legislature or the Court of Appeals fashion a remedy for this deficiency in the law. One possible remedy would be to duplicate the protection afforded a defendant from being convicted solely on the testimony of an accomplice. For example, CPL 60.22 (1) requires that an accomplice's testimony be corroborated by evidence "tending to connect the defendant with the commission" of the crime. In enacting that statute, the Legislature thereby recognized that corroboration is appropriate because "the motivation behind an accomplice's testimony may have been to curry favor with the prosecution and receive lenient treatment" (*People v Moses*, 63 NY2d 299, 305 [1984]). No similar protection is provided to a defendant with respect to the testimony of a jailhouse informant, although the same or even greater motivating factors may exist. The facts of this case amply support that conclusion. Had defendant herein been afforded similar protections, the jury could well have concluded that there was insufficient corroborative evidence to support a guilty verdict (*see People v Glasper*, 52 NY2d 970, 971 [1981]; *People v Fiore*, 12 NY2d 188, 201-202 [1962]). In fact, the very questionable evidence placing defendant at the scene of the crime at a time other than during the commission of the crime would be insufficient corroboration as a matter of law (*see Moses*, 63 NY2d at 307-308). Consequently, I would reverse the judgment of conviction and dismiss the indictment. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.