■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW M. COBADO, Appellant. [792 NYS2d 753]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered February 10, 2003. The judgment convicted defendant, upon a jury verdict, of kidnapping in the first degree (three counts), rape in the first degree (four counts), criminal possession of a weapon in the second degree, aggravated criminal contempt, criminal contempt in the first degree (two counts), unlawful imprisonment in the second degree and assault in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of kidnapping in the first degree (Penal Law § 135.25 [2]), four counts of rape in the first degree (§ 130.35 [1]) and one count of criminal possession of a weapon in the second degree (§ 265.03 [2]). County Court properly refused to suppress evidence seized from a duffel bag. Defendant voluntarily consented to the search of the bag and thus the search was lawful (*see People v Caldwell*, 221 AD2d 972 [1995], *lv denied* 87 NY2d 920 [1996]). The court also properly refused to suppress statements spontaneously made by defendant when a police officer asked him for biographical information (*see generally People v Youngblood*, 294 AD2d 954, 954-955 [2002], *lv denied* 98 NY2d 704 [2002]). Defendant failed to renew his motion to dismiss at the close of evidence

and thus failed to preserve for our review his further contention that the evidence is legally insufficient to support the conviction (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Defendant's remaining contention is unpreserved for our review (*see* CPL 470.05 [2]) and, in any event, is lacking in merit. Present—Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.