THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SWAIL, Appellant. [796 NYS2d 797]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered June 27, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, criminal trespass in the second degree and criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.

Memorandum: Defendant was convicted, following a jury trial, of burglary in the first degree (Penal Law § 140.30 [4]), criminal trespass in the second degree (§ 140.15) and criminal contempt in the first degree (§ 215.51 [b] [i]). The conviction arose out of an incident in which defendant violated an order of protection concerning his wife and entered her house carrying a shotgun. The contention of defendant that the evidence is legally insufficient to support the conviction of burglary in the first degree is not preserved for our review because defendant failed to renew his challenge to the sufficiency of the evidence after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Cobado*, 16 AD3d 1114 [2005]). In any event, that contention lacks merit, and defendant's further contention that the verdict is against the weight of the evidence is similarly lacking in merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant did not object to the supplemental charge given by County Court in response to a question from the jury, and thus he has failed to preserve his contention with respect to that charge for our review (*see People v Marzug*, 280 AD2d 974, 975 [2001], *lv denied* 96 NY2d 904 [2001]). We reject the contention of defendant that he was denied effective assistance of counsel and the contention

raised in defendant's pro se supplemental brief regarding a possible intoxication defense.

Defendant also contends that reversal is required because the Assistant District Attorney stated in his closing that defendant violated the order of protection at several stages of the incident and thus the jury may have convicted defendant of unindicted crimes, "resulting in usurpation by the prosecutor of the exclusive power of the [g]rand [j]ury to determine the charges" (*People v McNab*, 167 AD2d 858, 858). Defense counsel conceded in his opening statement and on summation that defendant was guilty of criminal contempt in the first degree, but argued that defendant did not have the intent to commit criminal contempt as an element of the crime of burglary in the first degree. Defendant's wife, however, testified that, when defendant broke into the house holding the shotgun, he stated, "I know I'm violating the order of protection, but I'm not going without a fight." Thus, the People established each of the elements of the crime of burglary in the first degree and did not seek to convict defendant of any other crimes.

All concur except Green, J., who dissents in part and votes to modify in accordance with the following memorandum.

Green, J. (dissenting in part). I respectfully dissent in part. The third count of the indictment, as limited by the People's bill of particulars, charges defendant with criminal contempt in the first degree (Penal Law § 215.51 [b] [i]) for "intentionally placing or attempting to place [his wife] in reasonable fear of physical injury, serious physical injury or death by displaying a loaded shotgun," thereby violating a "no contact" order of protection. The prosecutor stated on summation that defendant violated the order of protection when he approached his wife's house carrying a shotgun and talked to his wife through the door, and also violated the order of protection when he broke into the house and entered with the shotgun. "Thus, '[i]t is impossible to ascertain . . . whether different jurors convicted defendant based on different acts' " under the third count of the indictment (*People v Burns*, 303 AD2d 1032, 1033 [2003], quoting *People v McNab*, 167 AD2d 858, 858 [1990]). Because defendant was charged with a single count of criminal contempt in the first degree, and the jury may have found him guilty based on distinct acts characterized by the prosecutor as violating the order of protection, "defendant's right to have charges preferred by the [g]rand [j]ury rather than the prosecutor at trial was violated" (*People v George*, 255 AD2d 881, 881 [1998]). I would therefore modify the judgment by reversing that part convicting defendant of criminal contempt in the first degree

and dismissing the third count of the indictment. Present— Pigott, Jr., P.J., Green, Kehoe, Martoche and Hayes, JJ.