THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC J. PARSONS, Appellant. [816 NYS2d 271]—

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered May 6, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (five counts) and arson in the first degree (five counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of five counts each of felony murder in the second degree (Penal Law § 125.25 [3]) and arson in the first degree (§ 150.20 [1]), arising from the deaths of his wife and their four children in a house fire. Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Here, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally id.*). Defendant failed to preserve for our review his further contention that the evidence is legally insufficient to establish that he set the fire inasmuch as his motion to dismiss was not specifically directed at that alleged insufficiency (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Weaver*, 28 AD3d 1205 [2006]) and, in addition, his contention is unpreserved for our review because he failed to renew his motion after presenting evidence at the close of the People's case (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Maryon*, 20 AD3d 911, 913 [2005], *lv denied* 5 NY3d 854 [2005]). In any event, we conclude that defendant's contention lacks merit (*see generally People v Thompson*, 72 NY2d 410, 413 [1988], *rearg denied* 73 NY2d 870 [1989]; *Bleakley*, 69 NY2d at 495).

Defendant also failed to preserve for our review his contention that reversal is required based on prosecutorial misconduct on summation (*see* CPL 470.05 [2]) and, in any event, his contention lacks merit. Reversal based on prosecutorial misconduct is " 'mandated only when the conduct [complained of] has caused such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984], quoting *People v Mott*, 94 AD2d 415, 419 [1983]), and there was no such prejudice here. Indeed, we note that the comments of the prosecutor on summation were "within the wide rhetorical bounds afforded the prosecutor" in responding to defense

counsel's summation (*People v Tardbania*, 130 AD2d 954, 955 [1987], *affd* 72 NY2d 852 [1988]; *see People v Tolliver*, 248 AD2d 988 [1998], *lv denied* 91 NY2d 1013 [1998]; *see generally People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

We reject defendant's contention that County Court erred in admitting evidence of domestic violence. "In a domestic violence homicide, . . . it is highly probative—quite often far outweighing any prejudice—that a couple's marriage was strife-ridden and that defendant previously struck and/or threatened the spouse-victim . . . . Indeed, it has also been held that such evidence in like contexts is highly probative of the defendant's motive and [i]s either directly related to or inextricably interwoven . . . with the issue of his [or her] identity as the killer" (*People v Bierenbaum*, 301 AD2d 119, 146 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003] [internal quotation marks omitted]). Contrary to the further contention of defendant, viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that he received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.