THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN A. ADAMUS, Appellant. [817 NYS2d 837]—Appeal from a judgment of the Niagara County Court (Amy J. Fricano, J.), rendered August 5, 1999. The judgment convicted defendant, upon a jury verdict, of assault in the first degree (two counts) and gang assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of assault in the first degree (Penal Law § 120.10 [1], [3]) and one count of gang assault in the second degree (§ 120.06). Defendant presented evidence after County Court denied his motion to dismiss the indictment at the close of the People's case and therefore waived his contention that the court erred in denying that motion (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Allen*, 1 AD3d 947, 948 [2003], *lv denied* 1 NY3d 594 [2004]). By failing to renew his motion to dismiss the indictment at the close of the proof, defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see Hines*, 97 NY2d at 61; *People v Swail*, 19 AD3d 1013 [2005], *lv denied* 6 NY3d 759, 853 [2005]). In any event, that contention lacks merit, and we further conclude that the verdict is not against the weight of the evidence (*see People v Rimmen*, 17 AD3d 1078, 1078-1079 [2005], *lv denied* 5 NY3d 768 [2005]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to the contention of defendant, he is not entitled to reversal based on alleged prosecutorial misconduct. "Reversal based on prosecutorial misconduct is mandated only when the conduct [complained of] has caused such substantial prejudice to the defendant that he has been denied due process of law . . . and there was no such prejudice here" (*People v Parsons*, 30 AD3d 1071, 1072 [2006] [internal quotation marks omitted]). The sentence is not unduly harsh or severe. Defendant's remaining contentions are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Hayes, JJ.