■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. SMITH, Appellant. [821 NYS2d 356]—

Appeal from a judgment of the Niagara County Court (Amy J. Fricano, J.), rendered August 5, 1999. The judgment convicted defendant, upon a jury verdict, of assault in the first degree (two counts) and gang assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of assault in the first degree (Penal Law § 120.10 [1], [3]) and one count of gang assault in the second degree (§ 120.06). Defendant presented evidence after County Court denied his motion to dismiss the

indictment at the close of the People's case, and therefore waived his contention that the court erred in denying that motion (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Allen*, 1 AD3d 947, 948 [2003], *lv denied* 1 NY3d 594 [2004]). By failing to renew his motion to dismiss the indictment at the close of proof, defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see Hines*, 97 NY2d at 61; *People v Adamus*, 31 AD3d 1210 [2006]; *People v Swail*, 19 AD3d 1013 [2005], *lv denied* 6 NY3d 759, 853 [2005]). We reject defendant's contention that the testimony of an accomplice is incredible as a matter of law, and therefore that the verdict is against the weight of the evidence (*see Adamus*, 31 AD3d 1210; *People v Rimmen*, 17 AD3d 1078, 1078-1079 [2005], *lv denied* 5 NY3d 768 [2005]). The jury had the opportunity to assess the testimony and credibility of the accomplice, who received favorable treatment in exchange for his testimony and who admitted that he lied to the grand jury and participated in the crime (*see People v Pace*, 305 AD2d 984, 985 [2003], *lv denied* 100 NY2d 585 [2003]). The jury's credibility determination is entitled to great deference, and we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *Pace*, 305 AD2d at 985).

With the exception of the claim that his attorney failed to object to portions of the prosecutor's summation, the contention of defendant that he was denied effective assistance of counsel is based upon information that is dehors the record, and therefore not reviewable on direct appeal (*see People v Lopez*, 28 AD3d 234 [2006]; *see also People v Love*, 57 NY2d 998, 1000 [1982]). We conclude that defense counsel's failure to object to portions of the summation did not deprive defendant of meaningful representation (*see generally People v Flores*, 84 NY2d 184, 187 [1994]). However, by failing to object during the prosecutor's summation, defendant failed to preserve for our review his contention that remarks made during summation constituted prosecutorial misconduct that deprived him of a fair trial (*see People v Melendez*, 11 AD3d 983, 984 [2004], *lv denied* 4 NY3d 888 [2005]; *People v Norman*, 1 AD3d 884 [2003], *lv denied* 1 NY3d 599 [2004]). We nevertheless conclude that the prosecutor's summation constituted fair response to defense counsel's summation, and did not exceed "the broad bounds of rhetorical comment permissible in closing argument" (*People v Galloway*, 54 NY2d 396, 399 [1981]; *see People v Williams*, 28 AD3d 1059 [2006]).

We have reviewed defendant's remaining contention and the

contentions contained in the pro se supplemental brief, and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.