THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY R. PORTER, Appellant. [829 NYS2d 305]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered April 6, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.

Memorandum: Defendant appeals from a judgment convicting

him, after a jury trial, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant presented evidence after County Court denied his motion to dismiss at the close of the People's case and therefore waived his contention that the court erred in denying that motion (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Adamus*, 31 AD3d 1210 [2006]; *cf. People v Payne*, 3 NY3d 266, 273 [2004], *rearg denied* 3 NY3d 767 [2004]). In addition, defendant failed to renew his motion to dismiss at the close of proof and therefore failed to preserve his contention for our review (*see Hines*, 97 NY2d at 61; *Adamus*, 31 AD3d at 1211). In any event, that contention is without merit. The People presented evidence establishing that the victim was stabbed 56 times with a knife; that blood patterns in the victim's apartment appeared to have been made by someone bleeding from a lower extremity; that defendant's right thigh was lacerated; and that the probability that blood samples found in two areas of the victim's apartment did not belong to defendant were one in 9.62 quintillion, and one in 225 trillion, respectively. We thus conclude that the evidence is legally sufficient to support the conviction, and we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to discredit the testimony of defendant that the victim stabbed him in the leg, that the victim was stabbed in the chest in the ensuing struggle, and that defendant was unable to remember anything further about the event except that he was standing over the victim's body (*see generally id.*).

We reject defendant's further contention that the court erred in determining that the owner of the two-family house where defendant was staying consented to the warrantless search of the premises. The court credited the testimony of a police witness that the owner permitted the police to enter the premises to "look for him or talk to him." The owner permitted the police to search for defendant in her second-floor apartment, and she accompanied them to a living area in the rear of the building on the first floor where defendant stayed. At the request of the police, she then directed them to the common basement, where they found defendant hiding under a table. We conclude that the People met their heavy burden of establishing that the owner voluntarily consented to the search of the premises (*see generally People v Gonzalez*, 39 NY2d 122, 127-128 [1976]), and that the police had a good faith basis to believe that the owner had the authority to consent to the search of the entire premises (*see People v Fontaine*, 27 AD3d 1144, 1145 [2006], *lv denied* 6

NY3d 847 [2006]; *see generally People v Adams*, 53 NY2d 1, 9 [1981], *rearg denied* 54 NY2d 832 [1981], *cert denied* 454 US 854 [1981]; *People v Loomis*, 17 AD3d 1019, 1020 [2005], *lv denied* 5 NY3d 830 [2005]).

We agree with defendant that the court erred in determining that he was not placed under arrest when he was removed from the house where he was staying and transported to the police station. The record establishes that defendant was escorted by eight police officers and was handcuffed in the house and during the ride to the police station, and we thus conclude that a reasonable person, innocent of any crime, would have believed that he was under arrest (*see generally People v Yukl*, 25 NY2d 585, 589 [1969], *rearg denied* 26 NY2d 845 [1970], *cert denied* 400 US 851 [1970]). We nevertheless conclude, however, that the arrest was based upon probable cause inasmuch as defendant had been seen on the porch of the victim's home before the victim's death, and the police observed bloody bandages in defendant's room in the house where defendant was staying as well as what appeared to be a stab wound in defendant's leg (*see* CPL 140.10 [1] [b]). We therefore reject the contention of defendant that his statement made at the police station was the product of an illegal arrest (*see generally People v Bridgefourth*, 13 AD3d 1165, 1166 [2004], *lv denied* 4 NY3d 828, 5 NY3d 760 [2005]).

We reject the further contention of defendant that the court erred in determining that he did not unequivocally invoke his right to counsel and in denying his motion to suppress his statement. The record establishes that defendant stated, "I think I need an attorney," at which time the police officer discontinued the interview. Upon consulting with an assistant district attorney, the officer was advised that defendant had not unequivocally invoked his right to counsel. The officer then related that conversation to defendant and asked him whether he wished to continue speaking to the police, and defendant replied that he did, whereupon defendant made the inculpatory statement at issue. The court's "credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record," and we conclude that the court's choice between conflicting inferences that may be drawn from defendant's statement, "I think I need an attorney," is supported by the record (*People v Twillie*, 28 AD3d 1236, 1237 [2006], *lv denied* 7 NY3d 795 [2006]; *see generally People v Mitchell*, 2 NY3d 272, 276 [2004]).

Contrary to defendant's further contention, the court did not

abuse its discretion in refusing to recuse itself (*see generally People v Grier*, 273 AD2d 403, 405 [2000]). Finally, the sentence is not unduly harsh or severe.

All concur except Gorski, J., who dissents and votes to reverse in accordance with the following memorandum.

Gorski, J. (dissenting). I respectfully dissent and would reverse on the ground that County Court erred in determining that defendant did not unequivocally invoke his right to counsel and thus erred in refusing to suppress defendant's statement to the police. The record establishes that, during the interrogation by the police and before making his inculpatory statement, defendant stated, "I think I need an attorney," and the police officer's notes recording that officer's understanding of defendant's statement indicated that defendant "asked for" an attorney. The police officer also conceded that, although the CPL 710.30 notice indicated that defendant stated that he thought he "might" need a lawyer, defendant's statement did not include the word "might." As a result of defendant's statement, one of the other interrogating officers left the room to consult with an assistant district attorney and upon returning advised defendant that his statement was not an invocation of his right to counsel. That officer then asked defendant whether he wanted to continue talking to the police and defendant agreed to do so without having had the benefit of counsel.

This Court recently determined that the suppression court in *People v Twillie* (28 AD3d 1236 [2006], *lv denied* 7 NY3d 795 [2006]) properly refused to suppress a statement made by defendant to the police on the ground that his comment that he "might need a lawyer 'was not an unequivocal assertion of his right to counsel when viewed in context of the totality of circumstances, particularly with respect to events following the comment itself' " (*id.* at 1237).

In my view, however, the rationale of the Court of Appeals in *People v Esposito* (68 NY2d 961 [1986]) compels reversal here. When the defendant in *Esposito* stated "I might need a lawyer," the interrogating officer referred him to a local telephone directory after determining that the defendant did not have an attorney (at 962). That officer also expressed to the defendant that "further legal proceedings would be distressing to the victim," and the defendant thereafter made incriminating statements in response to police questioning, without the assistance of counsel (*id.* at 962). The Third Department had concluded that, "standing alone, defendant's statement might ordinarily constitute the invocation of the right to counsel . . . [but that] defendant's statement, when considered in light of all the atten-

dant circumstances, was equivocal" (*People v Esposito*, 115 AD2d 927, 927 [1985]). The Court of Appeals reversed, determining that the motion to suppress should have been granted "[i]n view of the [Appellate Division's] finding that the defendant's initial statement to the police officer regarding an attorney constituted a request for counsel, . . . [and] any waiver obtained in the absence of counsel is ineffective" (*Esposito*, 68 NY2d at 962). In my view, the same result should obtain here.

The statement of defendant herein that "I think I need an attorney" is obviously less equivocal than the statement of the defendant in *Esposito*, and I conclude under the totality of the circumstances in this case that, in advising defendant that his statement did not sufficiently invoke his right to counsel, the officer effectively dissuaded defendant from further efforts to invoke his right to counsel. Defendant's consent to continue with the interrogation without counsel was obtained after an interrogating officer gave defendant an apparent legal opinion garnered from an assistant district attorney that defendant had not uttered the precise words to constitute an unequivocal invocation of the right to counsel. In my view, the court erred in refusing to suppress the statement thereafter made by defendant to the police inasmuch as that statement was obtained in violation of his right to counsel and defendant could not have validly waived any rights in the absence of counsel. Thus, I would reverse the judgment, grant defendant's motion seeking to suppress defendant's statement to the police and grant a new trial on counts one and two of the indictment. Present—Scudder, P.J., Hurlbutt, Gorski and Martoche, JJ.