■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARLENA D. GILLIAM, Appellant. [844 NYS2d 807]—Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.),

rendered January 6, 2006. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [4]). Contrary to the contention of defendant, County Court properly refused to suppress her statements to the police. The court's assessment of the credibility of the police officers who testified at the suppression hearing is entitled to deference based on the court's ability to observe the witnesses (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The record supports the court's determination that defendant was not subject to custodial interrogation when she made the initial statements to the police (*see generally Illinois v Perkins*, 496 US 292, 296 [1990]; *People v Paulman*, 5 NY3d 122, 129 [2005]), and that her remaining statements were made voluntarily after she waived her *Miranda* rights (*see People v Gainey*, 34 AD3d 1250 [2006], *lv denied* 8 NY3d 880 [2007]).

Defendant failed to preserve for our review her contention that the conviction is not supported by legally sufficient evidence inasmuch as she failed to address her motion for a trial order of dismissal to the alleged error raised on appeal (*see People v Gray*, 86 NY2d 10, 19 [1995]) and, in addition, she failed to renew her motion after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, we conclude that the evidence is legally sufficient to support the conviction, and we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant also failed to preserve for our review her contention that she was deprived of a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]; *People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Fahey, JJ.