THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HENRY MONK, Appellant. [871 NYS2d 514]—

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]), burglary in the first degree (§ 140.30 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to the contention of defendant, Supreme Court properly refused to admit his medical records in evidence. It is well settled that "[t]rial courts are accorded wide discretion in making evidentiary rulings and, absent an abuse of discretion, those rulings should not be disturbed on appeal" (*People v Carroll*, 95 NY2d 375, 385 [2000]). Here, the court determined that defendant's medical records were relevant insofar as the theory of the defense was that defendant was physically incapable of entering the victim's home by climbing on top of a garbage tote. Nevertheless, the court did not abuse its discretion in refusing to admit those medical records in evidence without additional expert medical testimony inasmuch as, without such explanatory testimony, the jury would necessarily engage in impermissible speculation whether defendant's prior back surgery and subsequent treatment would have made it difficult, if not impossible, for defendant to enter the victim's home in the manner alleged by the People (*see People v Young*, 295 AD2d 631, 632 [2002], *lv denied* 99 NY2d 541 [2002]; *cf. People v Smith*, 195 AD2d 265, 266 [1993]). Defendant failed to

preserve for our review his further contention that he was denied a fair trial by prosecutorial misconduct (*see People v Cox*, 21 AD3d 1361, 1363-1364 [2005], *lv denied* 6 NY3d 753 [2005]; *People v Crawford*, 299 AD2d 848 [2002], *lv denied* 99 NY2d 581, 653 [2003]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's contention, "[t]he court's *Sandoval* compromise . . . reflects a proper exercise of the court's discretion" (*People v Thomas*, 305 AD2d 1099 [2003], *lv denied* 100 NY2d 600 [2003]; *see People v Martinez*, 294 AD2d 933, 935 [2002], *lv denied* 98 NY2d 678 [2002]; *People v Brockway*, 277 AD2d 482, 485 [2000]). We further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The DNA evidence placed defendant in the victim's kitchen, and the additional evidence presented by the People established that defendant could not be eliminated as the contributor of the DNA found on the stockings used to tie the victim's hand to the bed and the DNA found underneath the victim's fingernails. It was within the province of the jury to discredit the explanations of defendant for the presence of his blood and DNA at the crime scene (*see generally Bleakley*, 69 NY2d at 495). We note in particular that defendant gave differing accounts with respect to when he was last at the victim's home and the manner in which he had cut himself. In addition, the testimony of the jailhouse informant was not incredible as a matter of law (*see People v Pace*, 305 AD2d 984, 985 [2003], *lv denied* 100 NY2d 585 [2003]; *People v Batista*, 235 AD2d 631, 631-632 [1997], *lv denied* 89 NY2d 1088 [1997]). We conclude that "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 348 [2007]) based, inter alia, on the conflicting evidence presented at trial with respect to defendant's ability to walk unaided and the testimony that the cigarette butts with another person's DNA were found 12 to 14 feet from the broken window and thus were unrelated to the incident. Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Centra, Fahey and Peradotto, JJ.