# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1091**
**KA 09-00768**
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

       V         MEMORANDUM AND ORDER

CARL NICHOLS, DEFENDANT-APPELLANT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, INC., LIVINGSTON COUNTY
CONFLICT DEFENDER, WARSAW (NORMAN P. EFFMAN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

THOMAS E. MORAN, DISTRICT ATTORNEY, GENESEO (ERIC R. SCHIENER OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B.
Wiggins, J.), rendered June 3, 2008. The judgment convicted
defendant, upon a jury verdict, of grand larceny in the third degree,
criminal possession of stolen property in the third degree, criminal
mischief in the fourth degree (two counts) and reckless endangerment
in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of, inter alia, grand larceny in the third degree
(Penal Law former § 155.35) and criminal possession of stolen property
in the third degree (§ 165.50). We reject defendant's contention that
County Court erred in refusing to suppress an in-court identification
of defendant based on an unduly suggestive photo array identification
procedure. The People met their burden of establishing the
reasonableness of the police conduct in conducting the identification
procedure in question, and defendant failed to meet his burden of
proving that the procedure was unduly suggestive (*see People v Chipp*,
75 NY2d 327, 335, *cert denied* 498 US 833).

Defendant failed to renew his motion for a trial order of
dismissal after presenting evidence, and thus he failed to preserve
for our review his contention that the conviction is not supported by
legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg
denied* 97 NY2d 678; *People v Pearson*, 26 AD3d 783, *lv denied* 6 NY3d
851). In any event, that contention is without merit (*see generally*

*People v Bleakley*, 69 NY2d 490, 495).