# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

326

KA 11-02431

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

TRISTAN J. BOGA, DEFENDANT-APPELLANT.

---

WILLIAM G. PIXLEY, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered October 6, 2011. The judgment convicted defendant, upon a nonjury verdict, of reckless endangerment in the first degree, criminal mischief in the fourth degree, intimidating a victim or witness in the third degree, criminal contempt in the first degree and menacing in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of reckless endangerment in the first degree (Penal Law § 120.25), criminal mischief in the fourth degree (§ 145.00 [1]), intimidating a victim or witness in the third degree (§ 215.15 [1]), criminal contempt in the first degree (§ 215.51 [b] [i]) and menacing in the second degree (§ 120.14 [1]), defendant contends that the conviction of reckless endangerment and criminal mischief is not supported by legally sufficient evidence. Defendant failed to preserve that contention for our review inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Further, viewing the evidence in light of the elements of those crimes as well as the crime of menacing in the second degree in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence with respect to those crimes (*see generally Bleakley*, 69 NY2d at 495).

Entered: March 22, 2013                          Frances E. Cafarell
                                                 Clerk of the Court