Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered December 13, 2011. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of promoting prison contraband in the first degree (Penal Law § 205.25 [2]), defendant, an inmate in state prison, contends that the evidence is legally insufficient to establish that he knowingly possessed the contraband in question, i.e., a sharpened piece of metal found in his shoe, and that the verdict is against the weight of the evidence in that regard. As a preliminary matter, we note that defendant failed to preserve his challenge to the sufficiency of the evidence because he made only a general motion for a trial order of dismissal at the close of the People’s case (see People v Hawkins, 11 NY3d 484, 492 [2008]). Moreover, defendant failed to renew his motion after he and the People’s rebuttal witnesses testified (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). In any event, we conclude that the evidence, when viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), provided a “valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial” (People v Bleakley, 69 NY2d 490, 495 [1987]), i.e., that defendant knew that the piece of metal was in his shoe. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
*1264 Defendant’s remaining contentions, all of which relate to his sentence, are unpreserved for our review and in any event lack merit.
Present — Centra, J.P., Peradotto, Lindley, Curran and Troutman, JJ.