People v Eckerd (2018 NY Slip Op 03243)





People v Eckerd


2018 NY Slip Op 03243


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


74 KA 11-01448

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KATHLEEN M. ECKERD, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 14, 2011. The judgment convicted defendant upon a jury verdict of, inter alia, identity theft in the first degree and grand larceny in the third degree (five counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, identity theft in the first degree (Penal Law § 190.80 [1]) and five counts of grand larceny in the third degree (§ 155.35 [1]). The conviction arises from a series of transactions in which defendant stole money from her employer by withdrawing money from a bank account that she unlawfully established in the name of her employer's corporation and then double-billed corporate clients and issued bad checks to cover up her thefts.
By failing to renew her motion to dismiss count one of the indictment at the close of proof, defendant failed to preserve for our review her contention that the evidence is legally insufficient to support the conviction of identity theft (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Smith, 32 AD3d 1291, 1292 [4th Dept 2006], lv denied 8 NY3d 849 [2007]). In any event, defendant's contention is without merit. The People established that defendant assumed the identity of the victim by using his personal identifying information and used the personal identifying information of the victim to commit the theft. Thus, the evidence is legally sufficient with respect to identity theft (see People v Roberts, — NY3d —, —, 2018 NY Slip Op 03172, *5-7 [2018]; People v Yuson, 133 AD3d 1221, 1221-1222 [4th Dept 2015], lv denied 27 NY3d 1157 [2016]).
We reject defendant's further contention that she received ineffective assistance of counsel. There is nothing in the record to indicate that defendant was deprived of meaningful representation in the jury selection process or at trial (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Moreover, there were legitimate, plausible explanations for defense counsel's handling of evidentiary matters at trial, and thus defendant failed "to demonstrate the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Kurkowski, 117 AD3d 1442, 1443 [4th Dept 2014]). Defendant's contention that she received ineffective assistance because counsel failed to object to prosecutorial misconduct is without merit, inasmuch as the prosecutor did not engage in prosecutorial misconduct (see People v Martinez, 114 AD3d 1173, 1174 [4th Dept 2014], lv denied 22 NY3d 1200 [2014]). Viewing the evidence in light of the elements of the crime of identity theft as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence with respect to that crime (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court