People v Alexander (2026 NY Slip Op 01648)

People v Alexander

2026 NY Slip Op 01648

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, OGDEN, AND DELCONTE, JJ.

62 KA 24-00898

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vADRIAN M. ALEXANDER, JR., DEFENDANT-APPELLANT. 

ROSENBERG LAW FIRM, BROOKLYN (MORGAN NAMIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
ASHLEY J. WILLIAMS, DISTRICT ATTORNEY, GENESEO (KAREN F. MCGEE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Kevin Van Allen, J.), rendered May 28, 2024. The judgment convicted defendant upon a jury verdict of aggravated criminal contempt (four counts), aggravated family offense (four counts), criminal contempt in the first degree (four counts), assault in the second degree (two counts), assault in the third degree (three counts), strangulation in the second degree, menacing in the second degree (two counts) and criminal trespass in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, four counts of aggravated criminal contempt (Penal Law § 215.52 [1]), four counts of aggravated family offense (§ 240.75 [1]), and three counts of assault in the third degree (§ 120.00 [1]). Defendant's conviction stems from him beating his girlfriend over a period of days.
Defendant's contention that the evidence is legally insufficient to support the conviction is not preserved for our review because defendant failed to renew his motion for a trial order of dismissal after he presented evidence (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Schrader, 232 AD3d 1293, 1294 [4th Dept 2024], lv denied 43 NY3d 946 [2025]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Viewing the evidence in light of the elements of the crimes of which defendant was convicted as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict with respect to those crimes is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that an acquittal on those crimes would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (see generally Danielson, 9 NY3d at 348; Bleakley, 69 NY2d at 495).
Defendant's contention that he was deprived of a fair trial by prosecutorial misconduct is unpreserved for our review (see CPL 470.05 [2]; People v Fick, 167 AD3d 1484, 1485 [4th Dept 2018], lv denied 33 NY3d 948 [2019]). We decline to exercise our power to reach that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
The sentence is not unduly harsh or severe. Finally, we have considered defendant's remaining contentions and conclude that they do not warrant reversal or modification of the judgment.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court